**Dewitt T. PERRY, Appellant,**

v.

**W. M. DONAHO, Appellee.**

**No. 3711.**

Court of Civil Appeals of Texas.

Eastland.

May 18, 1962.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

Oliver & Oliver, San Antonio, for appellee.

GRISSOM, Chief Justice.

Dewitt T. Perry, a resident of Bexar County, was sued by W. M. Donaho in Wilson County for damages for libel. Perry's plea of privilege was overruled and he has appealed.

Donaho alleged that he was the manager of an association of milk producers and that Perry, who had resigned from the association because of disagreement with policies of its management, wrote letters to members of the association in which he represented that Donaho had stolen and embezzled funds of the association. Perry wrote a series of ten letters to said members. The principal purpose stated in said letters was to cause the members to elect a new board of directors that would stop the practices which he criticized. The first letter discussed the loss from making cheese and bringing in additional producers. The second dealt with the high overhead and loss from operation of a plant and stores. The third discussed the interest rate and the debt incurred by purchase of a plant. The fourth showed the annual decline in the price of milk. The fifth letter contained the first direct reference to Donaho. Perry asserted therein that the management was costly. He called on the association to advise its members of the amount of said manager's salary, mileage allowance and expense account and the length of time he had been hired. The sixth noted eleven business practices which Perry designated as the "costly facts" which compelled him to resign. It urged the members to sign a petition and attend a meeting to vote on the removal of the board of directors. The seventh letter was in answer to another's

letter and contained charges that business blunders and poor management had caused a loss to the members. The eighth was a reply to the president of the association. He asked whether the president had told them in his letter the amount of the salaries, expense accounts and travelling allowances of the manager and other employees. The ninth letter urged the members to attend a special meeting to vote for directors who would get rid of Donaho and others and referred to them as "termite bureaucrats." The tenth letter discussed the high overhead and criticized the amount paid for salaries and expenses.

■ The burden was upon Donaho to allege and prove, as one of the venue facts, that he had been libeled. Exception 29, Article 1995, Vernon's Ann.Civ.St.; Renfro Drug Company v. Lawson, Tex.Civ.App., 144 S.W.2d 417, 418. He alleged Perry's letters represented to members of said association that Donaho, as manager of the association, had embezzled and stolen its funds. The letters did not contain statements that Donaho had embezzled or stolen funds of the association. They, in fact, negatived such a charge, in that, they criticized the directors for authorizing and permitting Donaho to have the large salary, expense account, and the like, of which he complained.

■ The letters are not libelous. There was no extrinsic evidence. There is no reasonable basis in the letters to support the innuendo allegations that such writings had the effect to accuse Donaho of theft and embezzlement of the association's funds. Since it is evident that Donaho failed to prove that he had been libeled, an essential venue fact, the court erred in overruling Perry's plea of privilege.

The judgment is reversed. Since the case appears to have been fully developed and that the evidence available does not prove libel, the cause is ordered transferred to a District Court in Bexar County.