Ovide **DUNCANTELL**, Jr., Appellant,

v.

**UNIVERSAL LIFE INSURANCE COMPANY** et al., Appellees.

**No. 280.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 5, 1969.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Aloysius Wickliff, Houston, W. J. Durham, Dallas, for appellees.

TUNKS, Chief Justice.

This case is based on alleged libel and slander. The trial before the jury in the district court of Harris County resulted in a judgment for defendant. The plaintiff has appealed. The parties will sometimes be designated as in the trial court.

The plaintiff, Ovide Duncantell, Jr., was employed by defendant, Universal Life Insurance Company, as a debit agent. The defendant, John Harris, was employed by Universal Life Insurance Company as local office manager and, as such, was the plaintiff's supervisor.

The controversy out of which this suit arose occurred in February, 1965. One Robert Johnson was the beneficiary of a health and accident policy issued by Universal. The company approved Johnson's claim for $30 sickness benefits under his policy and directed the plaintiff to deliver

the money to him. Johnson directed the plaintiff to use the $30 to pay the premium on another insurance policy to be procured for him from another company. When the plaintiff, because of his illness, did not deliver the other policy at the appointed time Johnson complained to Harris that he had not been paid his $30. Harris arranged for the plaintiff and Johnson to meet with him. In such meeting some explanation of the misunderstanding was made, but apparently it was not satisfactory to Harris. The plaintiff had on other occasions been late in making payments to Universal of monies due from his debit.

After the meeting Harris wrote a letter to his supervisor recommending that the plaintiff be discharged because of "misappropriation of sick benefits due policyholder." The supervisor did so discharge plaintiff and wrote a letter to the Insurance Commission of the State of Texas stating that the plaintiff had been discharged for misappropriation of money. These are the two publications which plaintiff alleged to be actionable as libel.

The plaintiff alleged that after his discharge he made applications for employment to a number of individuals and firms, named in his petition, and gave the name of Harris, as local manager of Universal, as being his supervisor in his last employment. He further alleged that when the prospective employers called Harris, Harris falsely told them that the plaintiff was discharged because of misappropriation of money. These were the publications alleged to be actionable as slander.

The case was tried before a jury which found in response to special issues as follows: (1) That appellant did not withhold money belonging to the insurance company without prior consent. (2) That appellant did not withhold money due Robert Johnson without Robert Johnson's prior consent. (3) That John Harris made the statements to one or more persons who called the office of the defendant insurance company that plaintiff had wrongfully misappropriated funds. (4) That John Harris was in the course and scope of his employment when he made such statements. (5) That such statements by John Harris could be understood by the ordinary person making such inquiry that he was impeaching the honesty and reputation of the appellant. (6) That John Harris did not make the statements concerning the plaintiff with malice. (7) That appellant invited prospective employers to obtain from John Harris the appellant's record of employment with Universal. (8) That a reasonable person should have known that John Harris would make such statements to prospective employers. (9) That actual damages suffered by the appellant were $20,000.

The publication made in Universal's letter to the Insurance Commission was not actionable because it was an absolutely privileged communication. Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909.

The publication made in the letter from Harris to his supervisor was in keeping with the duty of Harris to protect the interest of his employer. As such it was a qualifiedly privileged communication and could not form a basis for recovery of damage by the plaintiff unless it was made with malice. Buck v. Savage, 323 S.W.2d 363, writ ref., n. r. e.; First Texas Prudential Ins. Co. v. Moreland, Tex.Civ.App., 55 S.W.2d 616, err. dismd.; 36 Tex.Jur.2d, Libel and Slander, Sec. 80, p. 368. The jury found on sufficient evidence that the statements made by Harris as to plaintiff's employment record were made without malice. Thus, this publication could form no basis for judgment for plaintiff.

The other publications alleged by plaintiff were those made in response to inquiries by prospective employers. Of those alleged only one was proved. Richard Shelton was manager of an establishment he described as a pool hall and night club, called the "Go Go Club." He testified that the plaintiff came into his

club looking for work selling beer and frying hamburgers and asked that Harris be called as a reference. The plaintiff himself dialed the telephone number of Harris and listened in on an extension as Shelton talked to him. Shelton testified that in response to his inquiry Harris told him "not to fool with" the plaintiff because he had taken money from Universal and couldn't be trusted. Shelton did not employ the plaintiff.

The publication made by Harris to Shelton was one by a former employer of the plaintiff to a prospective employer of the plaintiff. It was made pursuant to an inquiry of the prospective employer requested by the plaintiff. It related to the work record of plaintiff while he was in the employ of the publisher or the company which he represented. Under those circumstances it, too, was a qualifiedly privileged publication and created no liability on the publisher in the absence of malice. Buck v. Savage, supra; Flowers v. Smith, Tex.Civ.App., 80 S.W.2d 392, no writ hist.; Cash Drug Store v. Cannon, Tex.Civ.App., 47 S.W.2d 861, no writ hist.; 36 Tex.Jur. 2d, Libel and Slander, Sec. 80, p. 368; 33 Am.Jur., Libel and Slander, Sec. 173, p. 168; 53 C.J.S. Libel and Slander § 91, p. 147; Newell, Slander and Libel, 4th Ed., 1924, Sec. 404, p. 429; Prosser, Law of Torts, p. 805; Vol. I, Harper & James, the Law of Torts, Sec. 526, p. 441; Restatement of the Law of Torts, Sec. 595, comment h.

Under the jury's findings it was established that the plaintiff invited the publication made by Harris to Shelton when he should have known that the publication would adversely affect his opportunity for employment. The appellant has not preserved any error as to the form of the special issues by which such findings were made nor as to the failure to submit any related issue.

■■ We are of the opinion that those findings, along with, perhaps, a presumed

finding that the publication was invited by the plaintiff for the purpose of creating a cause of action, constitute a defense to any alleged cause of action growing out of that publication. One may not recover the damage caused by a publication invited by him. Lyle v. Waddle, 144 Tex. 90, 188 S. W.2d 770; Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246; 33 Tex. Jur.2d, Libel and Slander, Sec. 34, p. 321; 53 C.J.S. Libel and Slander § 95, p. 151.

■■ The plaintiff has contended that the jury's failure to find malice on the part of the defendant should be disregarded because publications made falsely accused him of a crime and that malice was presumed from such publications. In the first place, the publications found by the jury were not accusations of crime. The jury merely found that the defendant said that the plaintiff had withheld money due Universal and Robert Johnson without their consent. Such statements fall far short of accusations of a crime. They were not libelous or slanderous per se and no malice could be implied from their publication. In the second place the malice required to impose liability for a qualifiedly privileged publication is actual malice and is not to be imputed from the words said. Lattimore v. Tyler Commercial College, (Tex.Comm.App.), 24 S.W.2d 361; Buck v. Savage, supra.

■ By his final point of error appellant complains of the admission of testimony concerning shortages in his accounts during the time he was in the employ of Universal. The statement of facts shows that most of the testimony complained of was admitted without objection having been made. That admitted over objection was merely cumulative. No error is shown.

The judgment of the trial court is affirmed.