**Marcelleta DONOVAN Individually, et al., and on Behalf of the Estate of Robert W. Donovan, Sr., Deceased, Appellant,**

v.

**Edgar JONES, M.D., III, Appellee.**

**No. 01–91–00712–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 28, 1992.

John W. Donovan, Houston, for appellant.

E.A. Apffel, Jr., Michael B. Hughes, Evelyn T. Ailts, Maria L. Fox, Houston, for appellee.

Before OLIVER–PARROT, MIRABAL and PRICE,[1] JJ.

OPINION

PRICE, Justice (Assigned).

This is an appeal from an order granting Edgar Jones, III, M.D., summary judgment in a medical malpractice case.

On July 21, 1988, Robert W. Donovan Sr.[2] and his wife, Marcelletta Donovan, brought suit against several defendants, including appellee. The pleadings alleged the following: (1) Donovan had a patient-physician relationship with the defendant doctors; (2) beginning in July 1986, he had complained of constipation and rectal pain; (3) the defendant doctors gave his complaints inadequate attention; (4) and, therefore, the discovery of a cancerous rectal tumor was delayed until March 11, 1987.

In November 1990, Jones moved for summary judgment. Marcelletta responded. Summary judgment was granted on February 11, 1991. On March 11, 1991, Marcelletta's action against Jones was severed from the underlying lawsuit. Marcelletta moved for reconsideration of the summary judgment order, the motion was denied, and Marcelletta now appeals.

The standards for reviewing a summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Donovan died on June 18, 1989. Thereafter, Marcelletta went forward with the action individually and as representative of her husband's estate.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

In her second point of error, Marcelletta contends that the trial court erred in granting summary judgment because there is a fact dispute about when Jones first became aware of her husband's complaints of constipation and rectal pain. In support of his motion for summary judgment, Jones attached his own affidavit in which he states:

I am familiar with the standard of care of a reasonable prudent physician under the same or similar circumstances as presented in the case of the care and treatment of Robert W. Donovan Sr. Mr. Donovan first complained of constipation, diarrhea, and constant rectal pain on March 1, 1987. The standard of care would consist of performing a rectal examination, and if a tumor is found in the rectum, then surgical intervention would be necessary.

In all respects, Dr. Edgar R. Jones, III's care and treatment of Robert W. Donovan, Sr., met or exceeded the standard of care described herein.

Mr. Donovan voiced his complaints of constipation and diarrhea for the first time to Dr. Edgar Jones on March 11, 1987. Dr. Jones immediately performed a rectal examination on Mr. Donovan, at which time a tumor in the rectum was found. Dr. Jones informed Mr. Donovan that the surgical intervention would be necessary and, on March 12, 1987, Dr. Jones referred Mr. Donovan to Dr. Cunningham, a general surgeon, for further treatment of the tumor.

In response, Marcelletta attached her own affidavit in which she stated:

I have read the affidavit of Dr. Edgar R. Jones, III, M.D. attached to and supporting his motion for summary judgment.

The affidavit is false and misleading. Particularly the statement in Dr. Jones' affidavit that 'Mr. Donovan [Bill] voiced his complaints of constipation and diarrhea for the first time to Dr. Edgar Jones on March 11, 1987' is incorrect and false!

Bill went to see Dr. Jones, a personal physician, on July 17, 1986 with complaints of constipation. I was with Bill. Dr. Jones was not in so Bill was seen by Dr. Fawcett. Bill complained of constipation to Dr. Fawcett. Dr. Fawcett admitted Bill to St. Mary's Hospital for a heart condition *and complaints of constipation.* (Exhibit "B"). At some point after Bill's admission to St. Mary's Hospital, Dr. Jones saw Bill in the hospital, with Dr. Fawcett, on numerous occasions, and prior to Bill's transfer to John Sealy Hospital. I was present and heard Bill on several occasions personally complain to Dr. Jones about his constipation. Additionally, Dr. Jones would review Bill's chart in the hospital during his admission of July 17, 1986 and it is clear from the chart that Bill was complaining of constipation.

Dr. Jones therefore knew that Bill was complaining of constipation and obstipation (not easily managed constipation) during his hospitalization at St. Mary's beginning July 17, 1986.

Additionally, Bill complained to Dr. Jones about constipation, diarrhea, and rectal pain (discomfort) after his discharge from John Sealy Hospital, prior to March 11, 1987. These dates appear to be on September 15, 1986 and November 25, 1986 according to Dr. Jones' office records (Exhibit "C") I was personally present and heard Bill tell Dr. Jones of his complaints of constipation, diarrhea and rectal pain (discomfort).

Obviously, there is a disputed material fact issue (the date Dr. Jones was first aware of Donovan's complaints of constipation, diarrhea, and rectal pain). Therefore, for purposes of reviewing the summary judgment order, we must assume that Donovan first complained to Dr. Jones of constipation in July 1986, and he first complained of rectal

pain and diarrhea in September 1986. *Nixon,* 690 S.W.2d at 548–49.

Dr. Jones' affidavit indicates that the standard of care that a reasonably prudent physician would undertake would be to perform a rectal examination upon hearing a patient's complaint of constipation, diarrhea, and constant rectal pain. However, taking Marcelletta's assertions as true, we must conclude that this was not the course of action Dr. Jones took. As stated above, we must view the summary judgment evidence as showing that Donovan first complained to Dr. Jones of constipation in July 1986. We further conclude that he subsequently complained to Dr. Jones about constipation, diarrhea, and rectal pain in September 1986. However, Dr. Jones, in his affidavit, states he did not perform a rectal examination on Donovan until March 11, 1987. Such a delay violates the very standard of care that Dr. Jones avers is proper. Accordingly, the trial court erred in granting the motion for summary judgment.

Appellant's second point of error is sustained. Because appellant is granted all the relief she requested, her first point of error need not be discussed.

The trial court's judgment is reversed, and this cause is remanded for trial on the merits.