Helen M. **SCHAUER**, Appellant,

v.

**MEMORIAL CARE SYSTEMS d/b/a Memorial Hospital Southwest and Martha Koperwhats, Appellees.**

No. 01–91–01019–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 18, 1993.

Rehearing Denied June 9, 1993.

Allan A. Cease, Houston, for appellant.

Nancy L. Patterson, Lawrence H. Clore, William J. Boyce, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

This case arises from a suit brought by an employee against her present employer for defamation and other damages resulting from an employment appraisal. In this appeal, we are asked to decide whether the trial court properly granted summary judgment for the employer. We affirm the summary judgment.

### Jurisdiction

■ Upon review of the record, we found the plaintiff had added a cause of action, a suit for false light, in an amended pleading filed eight days before the hearing on the defendants' motion for summary judgment. The Texas Supreme Court has held a party may amend its pleadings at the last minute, and a summary judgment that does not address those new grounds cannot be affirmed. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490–91 (Tex.1988) (amended pleading filed four days before hearing).

The defendants did not address the cause of action for false light in their motion for summary judgment, and the trial court did not dispose of it in the summary judgment; therefore, the judgment was not final and appealable unless that cause of action was severed. *Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex.1991); *Denny's Inc. v. Rainbo Baking Co.*, 764 S.W.2d 933, 933 (Tex.App.—Houston [1st Dist.] 1989, no writ). The cause of action for false light was not severed. Thus, the summary judgment is not a final judgment.

■ This Court has no jurisdiction over a judgment that is not final and appealable, unless it is an interlocutory appealable order. *See, e.g.,* Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.1993). This summary judgment is not one that is made appealable by section 51.014 of the Civil Practice and Remedies Code or any other statute. Thus, the parties can only appeal this judgment if it is a final judgment. *See, e.g., Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex.1990).

Under Tex.R.App.P. 85(b), we can treat a case that is appealed before the judgment is final as a prematurely filed appeal and permit the defect to be cured. Under Tex. R.App.P. 60(a)(2), we gave the parties notice of the defect and informed them we would dismiss the appeal unless they filed a response showing grounds for continuing the appeal. The parties filed an agreed motion in the trial court to sever the cause of action for false light, and the trial court signed the motion. Thus, now that the jurisdictional defect has been cured, we treat this appeal as a prematurely filed appeal and continue with its resolution.

### Fact summary

The appellant, Helen Schauer, is employed as a registered nurse for Memorial Care Systems. In 1987, she was promoted to Senior Angiography Nurse in Memorial Hospital Southwest's Cardiac Catheterization Laboratory (cath lab). Schauer reported directly to the cath lab manager, Manuel Vasquez, and was responsible for helping with the supervision of cath lab personnel, coordinating departmental activities, and directing patient care. There were problems in the cath lab, many of them caused by Vasquez's absence from the department. In his absence, Schauer ran the cath lab.

In June 1988, Martha Koperwhats became Assistant Vice President for Clinical Services at Memorial Hospital Southwest (Southwest). Koperwhats assumed overall administrative responsibility for the personnel and operation of the cath lab, as well as a number of other departments. She evaluated the overall condition of these departments in areas such as patient care, personnel, financial management, physician relations, and inventory.

In August 1988, Schauer complained to Koperwhats of the stressful working conditions in the cath lab caused by Vasquez. Schauer complained that Vasquez favored Mexican–Americans. That same month, Southwest commissioned Jo Altenbern, a registered nurse, to evaluate the cath lab. Her conclusion was there was no leadership in the department. The report blamed

Vasquez for the conditions of the department. The conditions in the department were so critical some doctors suggested the entire staff, not just Vasquez, be replaced. In Altenbern's opinion, the department had been compromised by politics and personalities.

On September 6, 1988, Vasquez gave Schauer an evaluation with an overall rating of "commendable," which meant she met all the requirements and expectations of the job. On September 9, Vasquez told Schauer he was going to resign, and he recommended someone outside the department for manager. On September 13, Vasquez filed an addendum to his evaluation of Schauer to "clarify" his expectations of Schauer. The addendum was very critical of Schauer and seemed to imply she was the cause of all the problems in the department. In his report, Vasquez said Schauer was not following his orders; she played favorites; and she was not an effective supervisor or coordinator of the cath lab. Vasquez noted Schauer's shortcomings had all been brought to his attention "during the recent past." Three days after writing Schauer's report, Vasquez resigned.

Schauer met with Koperwhats and told her how distressed she was with Vasquez's evaluation. Koperwhats told her to write a rebuttal letter. On September 19, 1988, Schauer wrote a letter to Koperwhats objecting to the Vasquez's evaluation dated September 13. Schauer asked Koperwhats to remove Vasquez's evaluation from her file. Although Koperwhats told Schauer they would meet and discuss her letter, they did not, and the letter was never removed.

Schauer wanted to be considered for the vacant position of manager of the cath lab. Before anyone working at the hospital had a chance to apply, Koperwhats told hospital employees she was looking for a replacement from outside the hospital. Schauer applied for the position and was interviewed. Schauer felt humiliated by Koperwhats' announcement to the entire de-

partment, because everyone knew she wanted the job.

Sometime earlier, Schauer had discussed with the management at Memorial's Northwest facility (Northwest), the possibility of transferring to Northwest to manage its new cath lab. Schauer accepted the position at Northwest before the Southwest position was filled, and on January 9, 1989, Schauer officially transferred and began supervising the Northwest cath lab.

In March 1989, Schauer received an annual performance appraisal prepared by Koperwhats and Altenbern. The appraisal covered the period from June 1988 through December 1988, while Schauer was still working at Southwest. The appraisal rated Schauer's overall performance as "fair." Schauer continues to be employed at Northwest as supervisor of the cath lab.

### Procedural history of the case

This appeal is from the second suit filed by Schauer against Memorial. Schauer filed her first suit against Memorial in federal district court for race and sex discrimination, constructive discharge, retaliation, and negligent and intentional infliction of emotional distress.[1] Schauer is white. The federal court rendered a summary judgment for the defendant on employment discrimination based on race (the person given the position Schauer wanted was also white), constructive discharge (Schauer is still employed by Memorial), retaliation for filing an EEOC claim (no evidence was produced to prove retaliation), and entered a dismissal on the claims for sex discrimination and emotional distress because Schauer was no longer pursuing those claims.

Schauer then filed this action, her second suit, in state court against Memorial and Koperwhats, alleging state law claims for libel and emotional distress. Shortly after filing the suit, Schauer amended it to include claims under the federal and state constitutions. This suit was removed to federal court.[2] The federal court granted

---

1. *Schauer v. Memorial Care Systems*, No. H–89–3195 (S.D.Tex. October 24, 1990).

2. *Schauer v. Memorial Care Systems*, No. H–91–831 (S.D.Tex. June 5, 1991).

the defendants another summary judgment. This time, the summary judgment was based on res judicata on Schauer's constitutional claims, which included discrimination, retaliation, and constructive discharge. The court noted that neither res judicata nor collateral estoppel applied to the defamation claim or the emotional distress allegation that resulted from the defamation. The court remanded those two issues to the state court.

Once this case was back in state court, Memorial moved for summary judgment on the following grounds:

1. Res judicata barred Schauer's claims of defamation and emotional distress.

2. The employment appraisal, on which Schauer based her suit, was not defamatory:

 a. Memorial was qualifiedly privileged to write the employment appraisal;

 b. Schauer did not plead or prove malice.

3. The claim for emotional distress did not reach the level of severity required for a claim for intentional infliction of emotional distress; and

4. The claim for negligent infliction of emotional distress was precluded by the Texas Worker's Compensation Act.

Schauer filed a lengthy response to the motion for summary judgment and attached deposition excerpts and affidavits as summary judgment proof. As part of her response, she filed the following objections to the motion:

1. Memorial did not file a statement of intent to use the deposition as required by TEX.R.CIV.P. 166a(d).

2. The pleadings and orders filed in the two suits removed to federal court were hearsay in state court under TEX.R.CIV. EVID. 801, because they were not certified or properly authenticated and thus were not admissible.

3. Memorial did not properly state the procedural history of the case in federal court; and

4. The affidavit of Koperwhats is of an interested witness whose testimony is not clear, direct, positive, and is not free from contradictions, inaccuracies, and cir-cumstances, tending to cast suspicion on it.

In response to the substantive allegations in the motion for summary judgment, Schauer argued:

1. In a defamation suit, a movant on summary judgment has the burden to prove the absence of malice.

2. The employee appraisal was defamatory:

 a. Memorial had no qualified privilege when it wrote the performance appraisal;

 b. There is evidence of malice;

 c. There is evidence of injury to the professional reputation.

3. The emotional distress claims were valid.

The trial court granted Memorial's motion for summary judgment without identifying the grounds.

### Summary judgment review

■■■ A defendant need only negate one element of each cause of action raised by the plaintiff to obtain a summary judgment. TEX.R.CIV.P. 166a. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Southwest Indus. Import & Export, Inc. v. Borneo Sumatra Trading Co.*, 666 S.W.2d 625, 627 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). The defendant who bases a summary judgment motion on an affirmative defense must prove that defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). When the order granting summary judgment does not specify the particular grounds the trial court sustained, on appeal, the summary judgment opponent must defeat each summary judgment ground urged by the movant. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Gannon v. Baker*, 830 S.W.2d 706, 709 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Otherwise, the appellate court must uphold the summary judgment on any ground that finds support. *Carr*, 776 S.W.2d at 569.

■■■ The summary judgment movant must demonstrate: (1) that no genuine issue of material fact exists as to an essen-

tial element of the plaintiff's case; and (2) the movant is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Donovan v. Jones*, 830 S.W.2d 825, 825 (Tex.App.—Houston [1st Dist.] 1992, no writ). Once the movant establishes that no genuine issue of material fact exists regarding an essential element of the plaintiff's claim, the non-movant must present competent summary judgment evidence raising a fact issue on that element. *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 285 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

In the appeal of a summary judgment case, the appellate court is entitled to consider evidence that favors the movant's position when that evidence is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). A trial court properly may grant summary judgment based on the uncontroverted evidence of an interested witness or expert witness "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); Tex.R.Civ.P. 166a(c). The Texas Supreme Court has recognized the propriety of granting summary judgment in defamation cases when the party presents evidence from interested witnesses that is uncontradicted by the other party. *See Casso v. Brand*, 776 S.W.2d 551, 558–59 (Tex.1989); *Carr*, 776 S.W.2d at 571 (plaintiff presented no controverting proof that defendants believed their statements in question were false or published with reckless disregard for the truth; therefore, the trial court correctly granted summary judgment).

## 1. Defamation

In *point of error one*, Schauer argues the trial court erred in granting summary judgment on her claim of defamation.

Schauer's defamation claim is based upon the 1989 performance appraisal by Koperwhats. The appraisal covers several distinct categories. The possible performance ratings for each category range from unsatisfactory to distinguished. Schauer received two commendable ratings and eight fair ratings. In the 1989 evaluation, Schauer was given an overall performance rating of fair.

The narrative prepared by Koperwhats and attached to the appraisal is Koperwhats' opinion of Schauer's job performance and includes recommendations for improvement. While Schauer agrees most of the statements in the narrative are true, she asserts her defamation claim on certain isolated statements.

To sustain her defamation claim, Schauer must show Memorial published defamatory matter about her in the appraisal, which injured or impeached her reputation. *Taylor v. Houston Chronicle Publishing Co.*, 473 S.W.2d 550, 553 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). Whether a document is reasonably capable of a defamatory meaning is an issue of law for the court. *Musser v. Smith Protective Serv., Inc.*, 723 S.W.2d 653, 654–55 (Tex. 1987). The question, then, is a particularly appropriate one for resolution by summary judgment.

To determine if a publication is defamatory, the court must look at the entire communication and not examine separate sentences or portions. *Musser*, 723 S.W.2d at 655; *Taylor*, 473 S.W.2d at 554. Statements may not be made defamatory by taking them out of context. *Raymer v. Doubleday & Co.*, 615 F.2d 241, 245 (5th Cir.1980); *see also Taylor*, 473 S.W.2d at 554 (give words their ordinary meaning as read and construed by persons of ordinary intelligence). A statement may be false, abusive, unpleasant, and objectionable to the plaintiff without being defamatory. *Rawlins v. McKee*, 327 S.W.2d 633, 635 (Tex.Civ.App.—Texarkana 1959, writ ref'd n.r.e.). Only if the court determines the language is ambiguous or of doubtful import should the jury determine the statement's meaning and the effect of the statement's publication on the ordinary reader.

*Musser,* 723 S.W.2d at 654–55; *see also Ramos v. Henry C. Beck Co.,* 711 S.W.2d 331 (Tex.App.—Dallas 1986, no writ) (if there is a question whether the hearer could reasonably understand the statement in a defamatory sense, an ambiguity exists, and a fact issue is presented).

▇▇▇▇ An expression of opinion is protected free speech. *Yiamouyiannis v. Thompson,* 764 S.W.2d 338, 340 (Tex. App.—San Antonio 1988, writ denied); *El Paso Times, Inc. v. Kerr,* 706 S.W.2d 797, 798–800 (Tex.App.—El Paso 1986, writ ref'd n.r.e.). The real question is whether the statement is an assertion of fact or opinion. *Kerr,* 706 S.W.2d at 798–800. That question is a question of law to be decided by the court. *Carr,* 776 S.W.2d at 570; *Yiamouyiannis,* 764 S.W.2d at 340.

Memorial argues the appraisal is not defamatory as a matter of law. Memorial contends the statements complained of are truthful, permissible expressions of opinion, or alternatively, not capable of a defamatory meaning. We agree.

▇▇▇▇ Schauer first states the category on "Quality of Work" was libelous. That section states:

> Ms. Schauer does not appear to be able to function in all rooms under circumstances, i.e. certain angioplastic cases. She cannot scrub on all cases, such as PTCA's, and was felt by the staff not to be as current on newer aspects of the job. Ms. Schauer felt that working in a room was something she should not be made to do, though this is part of [sic] job description. This was discussed with me about 4 or 5 times. Ms. Schauer reluctantly worked, circulated and scrubbed in cases where she felt comfortable.

Schauer admitted in her deposition she normally did not do PTCA's and other procedures. Schauer also admitted her reluctance to perform patient procedures, when she stated she "did not think it was fair" for her "to be made to work in the room." In addition, Schauer admittedly participated in only one PTCA procedure during her last three years in the Southwest cath lab.

We find these statements cannot reasonably be viewed as libelous, especially in light of the agreed upon facts.

▇▇▇▇ Schauer also disputes her overall rating of fair under the "Quality of Work" section and claims the rating was libelous. Clearly, this is a statement of her supervisor's opinion and is not defamatory as a matter of law. *Musser,* 723 S.W.2d at 655.

▇▇▇▇ Schauer also complains of the following statement in the section on "Quality of Work—Recommendations for Improvement":

> She needs to stay current on nursing policies and procedures. The nursing P & P were found to be two (2) years old and not current. Nursing standards need to be set.

Schauer argues this statement is false and infers she is guilty of deceit, negligence, unethical practice, and incompetence. During her deposition, Schauer agreed the nursing policies and procedures were two years old, and nursing standards did, indeed, need to be established. Her argument seems to be it was not her responsibility to update the nursing policies.

Koperwhats, as the administrative official responsible for the cath lab, felt Schauer, as the senior nurse in the department, should fulfill these responsibilities. Koperwhats' recommendation, that Schauer do so in the future, is not defamatory. As a matter of law, we hold the statements quoted above contain no hint of charging Schauer with "deceit, negligence, unethical practice, and incompetence."

▇▇▇▇ Schauer next complains of another statement found in the paragraph on "Interpersonal Relationships," which states, "Ms. Schauer was not sensitive to employee relations." In her affidavit and her deposition, Schauer conceded there were a number of problems with interpersonal relationships in the cath lab at Southwest. She also conceded she did not get along with all department personnel. Given these admissions, the statement is not defamatory.

▇▇▇▇ Schauer also complains about a sentence in the section on "Judgment,"

which states she "needs to anticipate problems and situations so there will be better work flow." Schauer asserts this statement is libelous, because she tried to do a good job on anticipating problems. Nevertheless, problems did occur that affected the work flow, and this statement is no more than her supervisor's opinion. This statement is not libelous as a matter of law. *Musser*, 723 S.W.2d at 655.

Schauer next complains of the following statement in the section on "Supervisory Ability": "The day's work schedule was handled *to a greater or lesser degree* of efficiency." Schauer admits there were many problems with the daily work schedule. Thus, this statement is not only true, but is also a statement of opinion.

Schauer also contends the highlighted sentence in the following "Conclusion" section is defamatory. The section as a whole reads:

> Ms. Schauer has transferred to Memorial Northwest Hospital as Senior Angiographer. This presents her with a golden opportunity to demonstrate the talents and abilities that I believe she possesses. I believe that Ms. Schauer will be successful in this new area as she will not have many of the aspects that seem to distract her from her job. *Ms. Schauer has not been an effective or efficient Senior Angiographer for the reasons stated.* This evaluation is being presented in order to give Ms. Schauer specific items to address. I look forward to her success.

Clearly, the single sentence about which Schauer complains is not libelous, particularly when the sentence is read in context with the rest of the paragraph in which Koperwhats acknowledges Schauer's talents and anticipated future success.

Schauer's next complaint arises from a statement in the section on "Initiative." That section states Schauer:

> had not kept up the crash cart. She was not enforcing the documentations of narcotics wastage.

Schauer asserts these statements somehow "infer the commission of a crime ... [such

as] illegal use or sale of narcotics." She also asserts the statement "alleges violation of ... the Texas Health and Safety Code [or] the Nurse Practices Act."

An innuendo may be used to explain, but not to extend, the effect and meaning of the language charged as libelous. *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex.Civ.App.—Dallas 1968, no writ). The test is what construction would be placed upon such language by the average reasonable person or the general public, not by the plaintiff. *Id.* It is the duty of the court to determine if the challenged statements are capable of the meaning ascribed to them by the innuendo; if, in the natural meaning of the statements, they are not capable of a defamatory interpretation, the case must be withheld from the jury. *Id.*

In this case, the trial court properly rejected Schauer's attempt to use innuendo to transform permissible speech into actionable defamatory statements. No reasonable person, reviewing the statement in question, would conclude Schauer was being accused of engaging in illegal activity. *Musser*, 723 S.W.2d at 655; *Duncantell v. Universal Life Ins. Co.*, 446 S.W.2d 934, 937 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

In addition, the statement is true. Schauer admitted she was not enforcing hospital policy on narcotics wastage. She further testified she had been told previously the crash cart was not being correctly maintained. We find there is no reasonable basis to support the "innuendo allegations" that such writings accused Schauer of a crime. *Duncantell*, 446 S.W.2d at 937 *Perry v. Donaho*, 358 S.W.2d 253, 254 (Tex.Civ.App.—Eastland 1962, no writ).

Schauer has a similar complaint about a sentence in the section on "Quantity of Work." The full paragraph states:

> Ms. Schauer has no reluctance to working long hours though it appears that time is spent but results are not seen. *Overtime is excessive and not always shown approved by a supervisor.* She is very responsive to being "on call" and in coming in whenever she has been called. *She has been willing to do*

*things when she is pushed to do them requiring close supervision.*

Again, Schauer relies on an isolated statement when she alleges the reference to "excessive overtime" infers the "crime of theft in violation of § 31.03 of the Texas Penal Code and the Texas Nurse Practices Act." We find no such inference can reasonably be drawn. The statement is an opinion and suggests Schauer's overtime should be limited in the future. This statement falls far short of an accusation of a criminal act. *Duncantell,* 446 S.W.2d at 937; *Perry,* 358 S.W.2d at 254.

■ Schauer also complains about the statement she had to be "pushed" to do things and required "close supervision." This complaint is apparently premised on her frustration with the former cath lab manager, Vasquez. Schauer felt Vasquez was a poor manager and was often not physically present in the lab to exercise any supervision. Because of this, she now contends there was no one available to "push" or "supervise" her during Vasquez's employment. Following Vasquez's resignation in October 1988, however, Schauer was supervised by Altenbern and Koperwhats. Whether Schauer was closely supervised was a matter of opinion and not libelous or defamatory.

We overrule point of error one.

## 2. Privilege and malice

In points of error two, three, and four, Schauer argues the trial court should have found the following were material issues of fact precluding summary judgment: (1) whether the appraisal was qualifiedly privileged; (2) the existence of actual malice; and (3) the injury to her professional reputation.

### Qualified privilege

■ Accusations or comments about an employee by her employer, made to a person having an interest or duty in the matter to which the communication relates, have a qualified privilege. *Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 630 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Houston v. Grocers Supply Co.,* 625 S.W.2d 798, 800 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Bergman v. Oshman's Sporting Goods, Inc.,* 594 S.W.2d 814, 816 (Tex.Civ.App.—Tyler 1980, no writ). Whether a communication has a qualified privilege is a question of law for the court. *Houston,* 625 S.W.2d at 800; *Goree v. Carnes,* 625 S.W.2d 380, 384 (Tex. App.—San Antonio 1981, no writ). The privilege is not lost, so long as one believes in the truth of the communication. *Mayfield v. Gleichert,* 484 S.W.2d 619, 627 (Tex.Civ.App.—Tyler 1972, no writ). Substantial truth is sufficient. *Walker v. Globe–News Publishing Co.,* 395 S.W.2d 686, 689 (Tex.App.—Amarillo 1965, writ ref'd n.r.e.). A communication loses its privilege if it was made with malice or want of good faith. *Marathon Oil,* 682 S.W.2d at 631; *Stearns v. McManis,* 543 S.W.2d 659, 664 (Tex.Civ.App.—Houston [14 Dist.] 1976, writ dism'd).

■ Koperwhats prepared the performance appraisal as a part of her supervisory duties. To insure the accuracy of the report, Koperwhats had it reviewed by Altenbern, who had also supervised Schauer. As required by hospital policy, it was also reviewed by Koperwhats' supervisor. The evaluation was then given to Schauer and her current supervisor according to Memorial's policy. Schauer does not allege the appraisal was published to anyone outside the hospital or anyone without a legitimate interest in its contents. We find Memorial is clearly protected by the qualified privilege recognized under Texas law. *Marathon Oil,* 682 S.W.2d at 630.

■ Once the court finds a party has a qualified privilege, the plaintiff can overcome it only by a showing of actual malice. Actual malice in a libel action "means publication of a statement with knowledge that it is false or with reckless disregard for whether it was false." *Carr,* 776 S.W.2d at 571; *Marathon Oil,* 682 S.W.2d at 631. Where statements are cloaked with a qualified privilege, the law presumes good faith and lack of malice. *Marathon Oil,* 682 S.W.2d at 630; *Goree,* 625 S.W.2d at 385. A plaintiff cannot recover when the record is devoid of any

evidence or support for a reasonable inference of actual malice. *See Dixon v. Southwestern Bell Tel.*, 607 S.W.2d 240, 242 (Tex.1980) (the existence of actual or express malice is not presumed as a matter of law and must be proved). In addition, a defendant's failure to investigate the truth or falsity of a statement before it is published has been held insufficient to show malice. *Mayfield*, 484 S.W.2d at 627.

Throughout her brief, Schauer relies on the decision in *Beaumont Enter. & Journal v. Smith*, 687 S.W.2d 729 (Tex. 1985) to establish actual malice. This decision was overruled by the Texas Supreme Court in *Casso*. *Casso v. Brand*, 776 S.W.2d 551, 557–59 (Tex.1989). In *Casso*, the court addressed summary judgment in the defamation context. The court held summary judgment is appropriate where a plaintiff has advanced no "clear and convincing" evidence of actual malice. *Id.* at 559. A "clear, positive and direct" affidavit of an interested defendant witness, attesting to the absence of such malice, is sufficient to require plaintiff to establish a fact issue as to malice by independent evidence. Absent such an offering of "clear and convincing affirmative proof" by the non-movant, summary judgment is warranted. *Id.* at 558–59.

Koperwhats' affidavit establishes there was no actual malice. Schauer did not offer any affirmative proof, as required by *Casso*, to overcome her burden. Schauer offered no proof Koperwhats made the statements complained of with knowledge they were false or with reckless disregard as to their falsity.

The record establishes Koperwhats asked that the appraisal be reviewed by Altenbern. Altenbern agreed with the evaluation and suggested no changes. Schauer acknowledges Altenbern had direct involvement in the operation of the cath lab during the relevant time period and, therefore, was in a position to observe and evaluate her performance. In addition, Schauer does not suggest any malice on the part of Altenbern.

The undisputed facts in this record show the communication made by Memorial was privileged; therefore, it was not actionable libel. The defendants clearly had an interest in the subject of the communication— the evaluation of an employee. The only person to whom the communication was made was Schauer and another employee, Altenbern, who also had an interest in the matter. In addition, the record is devoid of any malice on the part of Memorial, Koperwhats, or Altenbern.

Schauer referred in her brief to a purported "threat" by Koperwhats when Schauer declined to extend her stay at Southwest. This does not raise a fact issue as to actual malice as that term has been defined by *Casso* and *Carr*. Actual malice does not include "ill will, spite or evil motive, but rather requires 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'" *Casso*, 776 S.W.2d at 558 (quoting *St. Armant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968)). Schauer has presented no such evidence.

We find Schauer has not offered the required "clear and convincing affirmative proof" to overcome Koperwhats' affidavit and establish actual malice. Mere surmise or suspicion of malice does not carry the probative force necessary to form the basis of a legal inference of malice. *International & G.N.R. Co. v. Edmundson*, 222 S.W. 181, 185 (Tex.Comm'n App. 1920, holding approved). Thus, the trial court properly granted summary judgment on Schauer's defamation claim.

We overrule points of error two, three, and four.

### 3. Emotional distress

In point of error five, Schauer argues the trial court erred in failing to find genuine issues of material fact as to her claim of infliction of emotional distress. Schauer raised both intentional and negligent infliction of emotional distress allegations. For simplicity, we will discuss them separately.

### Intentional infliction of emotional distress

■ To prevail on her claim of intentional infliction of emotional distress, Schauer must establish that: (1) Memorial acted intentionally or recklessly; (2) the conduct was "extreme" and "outrageous"; (3) the actions caused her emotional distress; and (4) the emotional distress suffered by her was severe. *Havens v. Tomball Community Hosp.,* 793 S.W.2d 690, 692 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (citing *Tidelands Automobile Club v. Walters,* 699 S.W.2d 939, 944 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.)). Although the Supreme Court recently declined to decide the tort for the intentional infliction of emotional distress exists in Texas, *Diamond Shamrock Refining v. Mendez,* 844 S.W.2d 198, 201 (Tex.1992), until the Supreme Court rejects it as a cause of action, we are compelled by stare decisis to hold there is such a tort. For a list of the other jurisdictions recognizing the tort of intentional infliction of emotional distress, see *Diamond Shamrock,* 844 S.W.2d at 201 n. 2.

■ The question whether the plaintiff presented sufficient evidence to support this cause of action is an issue of law for the court. *Tidelands,* 699 S.W.2d at 945. This implicitly includes both the question of whether "outrageous" conduct existed, as well as the "severity" of the distress. *K.B. v. N.B.,* 811 S.W.2d 634, 640 (Tex.App.— San Antonio 1991, no writ).

Texas courts have looked to the RESTATEMENT (SECOND) OF TORTS, § 46 (1977) to determine what type of outrageous conduct may cause severe emotional distress. The *Restatement* explains:

Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community ...

The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. . . .

■ Here, Schauer's emotional distress claim is premised on the 1989 appraisal. As already discussed, Memorial's conduct consisted of reviewing Schauer's job performance and recording observations on the appraisal, pursuant to hospital policy. Schauer was neither demoted nor did she receive a cut in pay because of the appraisal. The appraisal was provided only to Schauer's immediate supervisor at Northwest and was neither shared nor discussed with any of her co-workers or with any of the physicians using the cath lab. This conduct simply cannot be viewed as so "outrageous."

■ Schauer has not offered any evidence she suffered "severe" emotional distress. Schauer relies primarily on excerpts of deposition testimony of three expert witnesses, in an attempt to establish this element. Her reliance is misplaced. Whether emotional distress is sufficiently "severe" is a question of law. *K.B.,* 811 S.W.2d at 640; *Tidelands,* 699 S.W.2d at 945. It is well established that "matters of law are not proper subjects for expert opinion." *Adamson v. Burgle,* 186 S.W.2d 388, 396 (Tex.Civ.App.—San Antonio 1945, writ ref'd n.r.e.); *see also Hendricks v. Todora,* 722 S.W.2d 458, 465 (Tex.App.—Beaumont 1986, no writ) (court could not determine from the affidavit what standard the engineer employed in concluding the parking lot was "unreasonably dangerous").

The facts alleged simply do not demonstrate "severe" emotional distress. Accordingly, the trial court properly granted summary judgment for the defendants on the claim.

### Negligent infliction of emotional distress

■ Memorial argues Schauer's claim of negligent infliction of emotional

distress is precluded by the Texas Workers' Compensation Act (the "Act"). TEX.REV. CIV.STAT. art. 8308–3.01 (Vernon Supp. 1990).[3] Section 3.01 of the Act provides that a workers' compensation subscriber's employees have no right of action against their employer for personal injury damages arising out of an injury occurring within the scope of their employment. *McAlister v. Medina Elec. CO–OP., Inc,* 830 S.W.2d 659, 662 (Tex.App.—San Antonio 1992, no writ); *see also Godinet v. Thomas,* 824 S.W.2d 632, 633 (Tex.App.—Houston [14th Dist.] 1991, error denied (Feb. 11, 1993) (claim for negligent infliction of emotional distress barred by the Texas Workers' Compensation Act). The Act exempts employers from all common law liability based on gross negligence and negligence, except in death cases for exemplary damages. *McAlister,* 830 S.W.2d at 662.

Memorial is a subscriber under the Act. Because Schauer's emotional distress claim arises from the receipt of the performance appraisal during the course of her employment, her sole remedy lies in a claim for workers' compensation benefits under the Act. Thus, we find the trial court properly granted summary judgment on Schauer's claim of negligent infliction of emotional distress.

We overrule point of error five.

**4. Summary judgment evidence**

In point of error eight, Schauer argues the summary judgment evidence was insufficient. Schauer makes a two-part argument.

 First, Schauer argues certain deposition testimony should have been excluded, because Memorial did not file a statement of intent to use specified discovery as summary judgment proof. Schauer contends the statement is required by rule 166a(d) of the Texas Rules of Civil Procedure. TEX.R.CIV.P. 166a(d). Memorial contends the rule only requires notice be given, not a separate pleading entitled "Statement of Intent to Use Specified Discovery

as Summary Judgment Proof." We agree with Memorial.

 We find rule 166a(d) requires a party relying on deposition testimony in support of a motion for summary judgment must, at least 21 days before the hearing, provide notice to the opposing party of which portions will be used. TEX.R.CIV.P. 166a(d). In *Grossman v. Grossman,* 799 S.W.2d 511, 512 (Tex.App.—Corpus Christi 1990, no writ), the court said:

> An attorney who wishes to rely on excerpted portions of a deposition should attach copies of the excerpted portions of the original deposition as exhibits to the summary judgment motion or response, together with a copy of the court reporter's certificate, and his or her own original affidavit certifying the truthfulness and correctness of the copied material.

Memorial attached to its motion for summary judgment all the exhibits it relied on, including all excerpted deposition testimony, an affidavit of Memorial's counsel, and the court reporter's certificate attesting to the authenticity of the depositions. Clearly, Memorial complied with the rule. Thus, we overrule Schauer's objection to Memorial's deposition testimony.

Second, Schauer argues certain orders issued by the federal court were improper summary judgment evidence, because they were not certified copies. Schauer's complaint concerns documents relating to Memorial's motion for summary judgment claim based on the doctrine of res judicata.

As we discussed under point of error six, we decline to address the merits of Schauer's remaining argument.

**5. Retaliation**

In point of error nine, Schauer argues fact issues remain concerning her retaliation claim. As already discussed, the federal court dismissed all of Schauer's constitutional claims, including her claim for retaliation under the Texas Constitution.

We overrule point of error nine.

---

**3.** Previously, TEX.REV.CIV.STAT.ANN. art. 8306, § 3b. Acts 1917, 35th Leg., ch. 103, part I, § 3b,

*amended by* Acts 1989, 71st Leg., 2d C.S., ch. 1, § 3.01.

453

## 6. Res judicata

In point of error six, Schauer argues the trial court erred in granting summary judgment on the ground of res judicata. Because of our holding in other points of error, it is not necessary for us to reach this issue.

\* \* \* \* \* \*

In conclusion, we find Memorial's summary judgment evidence negated at least one element of each claim asserted by Schauer and addressed in the motion for summary judgment.