mcbride146 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00146-CV







Kirk Wayne McBride, Appellant



v.



New Braunfels Herald-Zeitung, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C90-217C, HONORABLE FRED CLARK, JUDGE PRESIDING







PER CURIAM


 This is a suit for damages on a cause of action for libel. Tex. Civ. Prac. & Rem. Code
Ann. § 73.001 (West 1986). Appellee New Braunfels Herald-Zeitung ("the paper") is a paper of
general circulation in Comal County. Pro se appellant Kirk Wayne McBride sued the paper for libel
based on a story published on May 5, 1989. (1) The trial court rendered a take-nothing judgment in favor
of the paper. We will affirm the judgment of the trial court.

BACKGROUND

 The paper published a story about an aggravated robbery that took place at the Lone Star
Ice House. (2) The article stated that McBride had been arrested and charged with aggravated robbery. The
article continued and referred to the perpetrator by use of the pronouns "he" and "him." McBride filed suit
seeking damages consistent with his allegation of libel against the paper. At trial, he presented witnesses
who testified about their interpretations of the article. Three of McBride's witnesses however, testified to
only reading the first page of the article. Based upon their partial reading, they concluded that the use of
the pronouns would lead to the conclusion that McBride did in fact commit the robbery and that he had
already been convicted of the crime. However, two of McBride's witnesses testified that they understood
the references to "he" and "him" to be to the robber and not McBride. 

 Upon preparation of the court's charge, McBride tendered requested questions,
definitions, and instructions, all of which were refused by the court. Instead, the court submitted questions
to the jury concerning the interpretation of the article at issue and whether it accused McBride of
committing the crime; whether there were any false statements in the article; and whether damages should
be awarded. In two points of error, McBride now challenges the judgment of the trial court by asserting
error in the court's charge to the jury.



ANALYSIS


 Whether error was committed in connection with the charge is determined by an abuse of
discretion standard. Texas Dep't of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). When
complaining of error in the charging instrument, appellant must show that the error complained of is such
that it was "reasonably calculated to cause and probably did cause the rendition of an improper judgment." 
Tex. R. App. P. 81(b)(1); Castleberry v. Branscum, 721 S.W.2d 270, 276 (Tex. 1986); Harris County
v. Denny, 886 S.W.2d 330 (Tex. App.--Houston [1st Dist.] 1994, writ denied). To determine whether
the charge is erroneous, this Court will examine the entire charge. E.g., Briseno v. Martin, 561 S.W.2d
794, 796 (Tex. 1977).



Libel Per Se

 With regard to McBride's first point of error, he asserts that he was denied a fair and
impartial trial due to the court's failure to submit alternative issues and theories of recovery raised by the
pleadings and evidence submitted at trial. Based upon the trial court's refusal to submit McBride's tendered
questions, definitions, and instructions with regard to libel per se, he now challenges the charge of the court.

 Written or printed words which charge dishonesty, fraud, rascality, or general depravity,
are generally libelous per se. State Medical Ass'n of Tx. v. Committee for Chiropractic Educ., 236
S.W.2d 632, 634 (Tex. Civ. App.--Galveston 1951, no writ). Such words must be so obviously hurtful
to the person aggrieved by them that they require no proof of their injurious character to make them
actionable. Fields v. Worsham, 476 S.W.2d 421, 426 (Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.). 


 The law in this area is settled; in a libel action, the initial question for determination, whether
the words are reasonably capable of the defamatory meaning the plaintiff attributes to them, is a question
of law to be decided by the trial court. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Musser v.
Smith Protective Servs., Inc., 723 S.W.2d 653, 654-55 (Tex. 1987); Denton Publishing Co. v. Boyd,
460 S.W.2d 881, 884 (Tex. 1970). The court construes the statement as a whole in light of surrounding
circumstances based on how a person of ordinary intelligence would perceive the entire statement. 
Fitzjarrald v. Panhandle Publishing Co., 228 S.W.2d 499, 504 (Tex. 1950). Only when the court
determines the language is ambiguous or of doubtful import is a fact issue, suitable for the jury, raised. See
Schauer v. Memorial Care Sys., 856 S.W.2d 437, 447 (Tex. App.--Houston [1st Dist.] 1993, no writ);
Musser, 723 S.W.2d at 655; see also Raymer v. Doubleday & Co., 615 F.2d 241 (5th Cir. 1980), cert.
denied, 449 U.S. 838 (1980) (when an ambiguous statement may or may not have a defamatory meaning,
the jury must determine whether the communication was understood by the recipient in the defamatory
sense). Otherwise, the issue of libel per se is not a jury question, but instead, a question of law. Carr, 776
S.W.2d 569. The threshold question then, is whether the statements printed in the paper are reasonably
capable of a defamatory meaning.

 The statements described McBride as being charged with aggravated robbery and being
held in the county jail in lieu of a $50,000 bond. While the article suggested unlawful behavior on
McBride's part, the suggestion was supported by credible information regarding a tip from Crime Stoppers
and an investigation into the criminal incident by local law enforcement authorities. The story continued by
stating that "he" was being held as a suspect in the case. It is clear that simply reporting the public facts of
the arrest and detention of McBride does not make the statement defamatory. However, because in this
particular instance the use of the pronoun "he" when describing the details of the crime lends ambiguity to
whether the robber or McBride is the subject of the statements, the court correctly submitted the following
question to the jury.



QUESTION NO. 1


Do you find from the preponderance of the evidence that the use of the word "he" in the
published statement "he got away with approximately $1700 dollars in cash and cigarettes
. . . . . . ." referred to Kirk Wayne McBride instead of the "Robber" ?



 Based on the evidence presented at trial, the jury failed to find that the article's use of the
pronoun "he" referred to appellant. Hence, following a review of the statement in light of the circumstances
in which it was written, the jury concluded that appellee's words are not capable of defamatory meaning. 
As a matter of law, then, the statement was not libelous per se. Therefore the trial court properly denied
McBride's tendered questions, definitions, and instructions with regard to libel per se and such denial was
not an abuse of discretion. 

 McBride also asserts that the charge was improper because the issues presented were
conditional. In addition to question number one, the court asked two additional questions. 

QUESTION NO. 2


Do you find from the preponderance of the evidence that the article in question published
by the defendant on May 3, 1989 contained any false statement or statements of fact?


QUESTION NO. 3


What sum of money if any paid now in cash would reasonably and fairly compensate
Plaintiff Kirk Wayne McBride for his damages if any resulting from the publication on May
3, 1989 by the Defendant of the article in question? 



A review of the court's charge reveals that the response to each question was independently rendered and
not based upon any condition. McBride further asserts that the question of negligence should have been
submitted to the jury. However, appellant failed to present any evidence of negligence by the paper or any
proposed questions which contained the proper elements for a negligence cause of action. See Tex. R. Civ.
P. 278; Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994) (liability in a negligence cause of action must
be supported by a finding of a duty and a breach of that duty which proximately causes injury or damages
resulting from the breach). A review of McBride's proposed question demonstrates that it did not contain
the element of proximate cause which is essential to a negligence submission. We conclude that the
tendered instruction was not in proper form and that the trial court correctly denied its submission. For
these and the foregoing reasons we conclude that McBride's first point of error is overruled. 



Damages 

 McBride's second point of error contains a variety of complaints relating to the alleged
failure of the trial court to submit his proposed questions, definitions and instructions relating to damages
claimed by him. We agree with the general principle that the court's charge to the jury on damages must
be sufficient to enable the jury to make an assessment of damages based upon facts that are properly a part
of the damages allowed. See Johnson v. Wilis, 596 S.W.2d 262 (Tex. Civ. App.--Waco 1980, no writ). 
However, because we have concluded that the court did not err in the submission of its charge to the jury
and because the jury determined that there was no libel, any error now complained of is harmless. 
McBride's second point of error is overruled.



CONCLUSION

 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith


Affirmed


Filed: October 16, 1996


Do Not Publish
1.   On October 12, 1994, this Court in cause number 3-93-0097-CV reversed and remanded
this cause to the trial court following the court's second granting of summary judgment in
favor of the paper. In a published opinion, this Court held that, even if the libel-proof plaintiff
doctrine was accepted under Texas law, a fact issue existed as to whether plaintiff's
reputation suffered from the article's publication. McBride v. New Braunfels Herald-Zeitung,
894 S.W.2d 6 (Tex. App--Austin 1994, no writ). 
2.   The article follows:


Man jailed for April 17 store holdup


 A New Braunfels man remains in the Comal County jail today in lieu of a
$50,000 bond and is charged with robbing the Lone Star Ice House at the intersection of
FM 2252 and FM 3009.

 Curt Wayne McBride, 28, 1532 Lorelei Lane, was arrested after authorities
received a Crime Stoppers tip regarding the robbery and linked him to the crime. He is
charged with aggravated robbery.

 Garden Ridge Police Department officers and Comal County sheriff's office
detectives performed the investigation. 

 "He got away with approximately $1,700 in cash and cigarettes," said Lt. Rubio,
Comal County sheriff's office. "We believe that there was someone else with him." 



R2">
QUESTION NO. 3


What sum of money if any paid now in cash would reasonably and fairly compensate
Plaintiff Kirk Wayne McBride for his damages if any resulting from the publication on May
3, 1989 by the Defendant of the article in question? 



A review of the court's charge reveals that the response to each question was independently rendered and
not based upon any condition. McBride further asserts that the question of negligence should have been
submitted to the jury. However, appellant failed to present any evidence of negligence by the paper or any
proposed questions which contained the proper elements for a negligence cause of action. See Tex. R. Civ.
P. 278; Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994) (liability in a negligence cause of action must
be supported by a finding of a duty and a breach of that duty which proximately causes injury or damages
resulting from the breach). A review of McBride's proposed question demonstrates that it did not contain
the element of proximate cause which is essential to a negligence submission. We conclude that the
tendered instruction was not in proper form and that the trial court correctly denied its submission. For
these and the foregoing reasons we conclude that McBride's first point of error is overruled. 



Damages 

 McBride's second point of error contains a variety of complaints relating to the alleged
failure of the trial court to submit his proposed questions, definitions and instructions relating to damages
claimed by him. We agree with the general principle that the court's charge to the jury on damages must
be sufficient to enable the jury to make an assessment of damages based upon facts that are properly a part
of the damages allowed. See Johnson v. Wilis, 596 S.W.2d 262 (Tex. Civ. App.--Waco 1980, no writ). 
However, because we have concluded that the court did not err in the submission of its charge to the jury
and because the jury determined that there was no libel, any error now complained of is harmless. 
McBride's second point of error is overruled.



CONCLUSION

 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith


Affirmed


Filed: October 16, 1996


Do Not Publish
1.   On October 12, 1994, this Court in cause number 3-93-0097-CV reversed and remanded
this cause to the trial court following the court's second granting of summary judgment in
favor of the paper. In a published opinion, this Court held that, even if the libel-proof plaintiff
doctrine was accepted under Texas law, a fact issue existed as to whether plaintiff's
reputation suffered from the article's publication. McBride v. New Braunfels Herald-Zeitung,
894 S.W.2d 6 (Tex. App--Austin 1994, no writ). 
2.   The article follows:


Man jailed for April 17 store holdup


 A New Braunfels man remains in the Comal County jail today in lieu of a
$50,000 bond and is charged with robbing the Lone Star Ice House at the intersection of
FM 2252 and FM 3009.

 Curt Wayne McBride, 28, 1532 Lorelei Lane, was arrested after aut