Brenda **VERLANDER, d/b/a Corban Realty, Appellant,**

**v.**

**R.G. PATEL, et al., Appellees.**

**No. A14–86–067–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 1986.

Edwin Momberger, Houston, for appellant.

Richard E. Young, Dallas, Eugene D. Lyles, Jr., College Station, James L. Bowen, Coleman, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Brenda Verlander, a real estate broker, appeals from a summary judgment entered against her in a suit to recover a real estate commission. In four points of error, appellant complains the trial court erred in granting appellees' motion for summary judgment because of the existence of a genuine issue of material fact. We agree and reverse.

A detailed statement of the events leading up to the initiation of suit is a necessary predicate to consideration of the merits of appellant's claims. On July 20, 1981, appellee Patel entered into a written con-

tract to purchase valuable real estate from builder/seller Stewart Motels, Inc. (Stewart). It is undisputed that appellant, a licensed real estate broker, was the procuring cause of the transaction. The earnest money contract signed by appellant, Stewart and Patel recited a sales price of $975,-000.00, and paragraph twelve (12) provided that appellant would receive $50,000.00 as a commission. On January 20, 1982, the contract was assigned and modified, and appellant's commission was reduced to $25,000.00. Appellant was a party to and signed the modified contract as she had the first. A third and final contract was entered into on January 28, 1982, and this contract made no mention of broker fees. The third contract did, however, provide that Patel would indemnify and hold harmless various other parties to the transaction from any claims, lawsuits and liens arising out of the original July 20, 1981 contract, and more specifically "any claims by any real estate agent." Furthermore, appellant was not a party to this final contract upon which the closing was held. Appellee Patel states that he attempted to telephone appellant to have her attend the meeting where the third contract was negotiated and signed, but was unable to reach her. Thereafter, appellant filed suit to recover her commission.

Appellees moved for summary judgment contending that article 6573a § 20(c) of the Real Estate License Act precludes recovery. Section 20(c) of that act provides in pertinent part the following:

When an offer to purchase real estate in this state is signed, the real estate broker or salesman shall advise the purchaser or purchasers, in writing, that the purchaser or purchasers should have the abstract covering the real estate which is the subject of the contract examined by an attorney of the purchaser's own selection, or that the purchaser or purchasers should be furnished with or obtain a policy of title insurance. *Failure to advise the purchaser as provided in this subsection precludes the payment of or*

*recovery of any commission agreed to be paid on the sale.* (Emphasis added.) TEX.REV.CIV.STAT.ANN. art. 6573a § 20(c) (Vernon Supp.1986). It is uncontroverted that none of the contracts contained the required language.

In the Response To The Motion For Summary Judgment, as well as on appeal, appellant contends that the courts have carved out an exception to article 6573a § 20(c) which is directly applicable to this controversy. Appellant cites *Knight v. Hicks,* wherein the court held that the above statute applies only where the broker has an opportunity to participate in or be present at the execution of a contract of sale. *Knight v. Hicks,* 505 S.W.2d 638, 643 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). *See also Jones v. Del Anderson and Associates,* 539 S.W.2d 348, 351 (Tex. 1976) (noting the holding in *Knight v. Hicks,* that where a realtor is wrongfully deprived of the opportunity to comply with article 6573a, he may still recover his commission).

■ It is well settled that a movant is not entitled to a summary judgment where there exists a material issue of fact. TEX. R.CIV.P. 166–A. The burden of establishing the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Furthermore, the rule governing summary judgments is not intended to deprive a litigant of a full hearing on the merits when there exists an issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952). Recognizing that a summary judgment is a harsh remedy, trial courts must deny a motion for summary judgment unless the movant clearly establishes a right thereto as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–93 (Tex.1975); *Hine v. Bankers Life & Casualty Co.,* 572 S.W.2d 804, 805 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

Appellees contend that because appellant did not advise them in writing to obtain a title policy or have the abstract examined when the first two contracts were executed, she cannot now assert that had she been present during the signing of the final contract, she would have in fact done so. We cannot agree. The fact that appellant did not give the required notice in relation to the first two contracts is not conclusive as to whether she would have done so *if* given an opportunity at the execution of the third contract.

■ We hold that the exception to 6573a § 20(c) as articulated in *Knight v. Hicks, supra,* necessitates remand for development of at least one factual issue: whether appellant was deprived of an opportunity to comply with the Real Estate License Act in relation to the third contract.

The judgment is reversed and the cause remanded.