Hrishi K. MAEWAL, M.D., Appellant,

v.

ADVENTIST HEALTH SYSTEMS/SUN-BELT, INC. d/b/a Huguley Memorial Medical Center, Desmond D. Cummings and George Dashner, Appellees.

No. 2–93–028–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1993.

Rehearing Overruled Feb. 8, 1994.

Paul F. Wieneskie, Cribbs & McFarland, P.C., Arlington, for appellant.

D. Michael Wallach, Jennifer M. Andrews, Teresa G. Bohne, Wallach, Jones & Moore, P.C., Fort Worth, for appellees.

Before LATTIMORE, HICKS and FARRAR, JJ.

## OPINION

FARRAR, Justice.

This is a case of first impression for this court. Appellant, Hrishi K. Maewal, M.D. brought suit for breach of oral and written contracts, tortious interference with existing and prospective business relationships, false light, and negligent infliction of emotional distress arising from a hospital medical peer review process. Appellees sought summary judgment claiming immunity under the Texas Medical Practice Act. TEX.REV.CIV.STAT. ANN. art. 4495b (Vernon Pamph.1994) and the Health Care Quality Improvement Act of 1986, 42 U.S.C.A. §§ 11101–11152 (West Supp.1993). Appellant filed no response. The trial court granted appellees' motion and entered a take nothing judgment.

We affirm.

Appellant brings six points of error. In his first point of error, appellant contends the summary judgment evidence was insufficient as a matter of law to: establish absence of malice, an affirmative defense; establish absence of a conspiracy; negate the existence of a contract between the hospital and himself that the hospital would abide by its own bylaws; show defendants complied with the provisions of the law under which they claim immunity; and prevail as a matter of law as the affidavits were insufficient to establish the intent, knowledge or state of mind of the members of the hospital's boards and committees. Appellant further asserts, in

points of error two through six, the trial court erred in: sustaining appellees' special exceptions which constituted general and speaking demurrers; striking portions of appellant's pleadings; attacking appellant's pleading of attorney's fees and punitive damages as elements of damages; and ruling appellant's lost weekly income was not liquidated damages.

As stated previously, appellant failed to file a response to appellees' motion for summary judgment. Accordingly, the issues preserved for appeal are limited to the grounds expressly presented to the trial court in the movants' motion for summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677–78 (Tex.1979). These issues are whether the trial court erred in finding 1) the hospital followed the procedures prescribed by the Health Care Quality Improvement Act of 1986 incorporated in its entirety into the Texas Medical Practice Act and 2) absence of malice as a matter of law. 42 U.S.C.A. § 11101 (West Supp.1993); TEX.REV.CIV.STAT.ANN. art. 4495b § 5.06(a), (*l*), (m), (t) (Vernon Pamph. 1994). Our conclusion, that appellees satisfied the requirements of the Health Care Quality Improvement Act of 1986 as a matter of law and, in addition, acted without malice as a matter of law, invokes the immunity provisions of the federal and state acts and shields appellees from liability or damages under any federal or state cause of action. 42 U.S.C.A. § 11111(a) (West Supp.1993); TEX.REV.CIV.STAT.ANN. art. 4495b § 5.06(a), (*l*), (m), (t) (Vernon Pamph.1994). Points of error two through six are rendered moot by our decision. We note, in any event, these points of error were not preserved for appeal in that appellant failed to raise these issues at summary judgment. *Clear Creek,* 589 S.W.2d at 677–78.

Appellant was a member of the medical staff of Huguley Memorial Medical Center. The uncontroverted summary judgment evidence shows on March 26, 1988, appellant admitted a fifty-five-year-old patient suffering from respiratory distress to Huguley Hospital ICU. The patient had been trans-ported by Care Flight because he needed a tracheostomy to open his airway. A physician capable of performing this procedure was not available at the patient's rural hospital. Appellant performed a bronchoscopy lasting approximately 1½ hours and attempted intubation despite the fact that the patient's history contra-indicated intubation without a tracheostomy. Appellant then left the hospital even though the patient was in an unstable condition. The patient's condition deteriorated rapidly. Despite numerous phone calls from the nursing staff, appellant did not return to the hospital. Instead, appellant asked an ER staff person to read and interpret diagnostic x-rays. Finally, appellant authorized a nurse to call another physician to perform the tracheostomy. Appellant's treatment of the patient was questioned by the ICU head nurse and another staff physician, each of whom wrote a letter of complaint.

On April 5, 1988, Huguley's Medical Policy Committee met to address the concerns expressed in the letters and to review appellant's management of the case. Appellant attended the meeting and was given the opportunity to explain his management of the case. Appellant acknowledged the details of the incident and agreed in part and disagreed in part regarding the appropriateness of his actions. At the conclusion of the meeting, the committee advised appellant its recommendation would be sent to him in writing, and if he did not agree with it he had the right to a hearing. The committee then deliberated. Serious concerns were voiced concerning appellant's judgment in handling the case. The committee concluded appellant should not have left ICU, and there was a serious problem in delay of treatment. Hospital policy was violated when appellant asked a nurse to call in a consulting physician. Other problems concerning the quality of appellant's patient care were mentioned, as well as the fact that appellant had provisional membership status only. The committee voted to recommend appellant's staff privileges be temporarily suspended pending a thorough investigation and Peer Review

Committee hearing. The members were advised that none of them should serve on the Peer Review Committee.

On April 7, 1988, the Medical Policy Committee's recommendation was accepted by the Executive Credentials Committee. Desmond Cummings, Huguley's Chief Executive Officer and a defendant in this cause, notified appellant of the committee's action via certified mail. That same day, appellant wrote to Dr. Donald Reifel, chairman of the Medical Policy Committee, resigning from the staff effective April 11, 1988. The letters crossed in the mail.[1]

On April 13, 1988 the Executive Credentials Committee met once more and accepted appellant's letter of resignation, abating further medical peer review action in accordance with the hospital's by-laws. Appellant's resignation under suspension was reported to the State Board of Medical Examiners as required by the Texas Medical Practice Act. Tex.Rev.Civ.Stat.Ann. art. 4495b § 5.06(b) (Vernon Pamph.1994).

On April 18, 1988 and again on April 22, 1988, appellant requested in writing that he be allowed to withdraw his letter of resignation. Both requests were denied, the first by the Executive Credentials Committee, the second by the Hospital Board of Directors.

Appellant filed his original petition, March 3, 1989 against appellees, Adventist Health Systems/Sunbelt, Inc., d/b/a Huguley Memorial Medical Center. Also named were Desmond D. Cummings, Huguley's Chief Executive Officer, and George Dashner, an administrator, both of whom participated in the medical peer review process. Trial was set for September 8, 1992. On August 14, 1992, appellees filed their motions for summary judgment and expedited hearing. On August 28, 1992, the trial court heard appellees' motion to expedite the hearing and instructed appellant to either address the motion for summary judgment or proceed to trial on September 9, 1992. Appellant chose to pro-

ceed with the summary judgment hearing on September 9, 1992. On September 2, 1992, appellant filed his motion to extend time to respond and asked leave of the court to pursue additional discovery. The trial court denied appellant's motion and granted appellees' motion for summary judgment on September 22, 1992.

■ Summary judgment is a harsh remedy and will not be upheld on appeal unless the record established the movants' right as a matter of law. *Verlander v. Patel*, 714 S.W.2d 84, 86 (Tex.App.—Houston [14th Dist.] 1986, no writ). The function of the summary judgment is not to deprive a litigant of his right to trial by jury but to eliminate patently unmeritorious claims and untenable defenses. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

■ The issue on appeal is whether the movants met their burden for summary judgment by establishing that no genuine issue of material fact exists as to one or more of the essential elements of each cause of action. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985); *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814, 815 (Tex.Civ.App.—Tyler 1980, no writ); Tex.R.Civ.P. 166a. The defendants need only negate one element of each cause of action raised by plaintiff to prevail. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference will be indulged in favor of the nonmovant, and any doubts resolved in his favor. *Id.* at 549. *See also Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Clear Creek*, 589 S.W.2d at 671.

■ Evidence which favors the movants' position will not be considered unless it is uncontroverted. *Great American*, 391

---

1. In his pleadings, appellant contends he entered into an oral contract with Dr. DeLyle Youngman, Huguley's Chief of Staff, to rescind his letter of resignation. However, there is no summary judgment evidence to support this contention.

S.W.2d at 47. If such uncontroverted evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct, positive, and free from inconsistencies and contradictions. *Id.; see also Beaumont Enterprise & Journal v. Smith,* 687 S.W.2d 729, 730 (Tex. 1985) (overruled on other grounds); *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980) (per curiam) (affirming a summary judgment based solely upon the uncontroverted testimony of an interested party).

■■■ In the instant case, the threshold issue is whether appellees established that, as a matter of law, the hospital followed the procedures prescribed by the Health Care Quality Improvement Act of 1986. 42 U.S.C.A. § 11101 (West Supp.1993); TEX. REV.CIV.STAT.ANN. art. 4495b § 5.06(a) (Vernon Pamph.1994). The Health Care Quality Improvement Act provides immunity against liability or damages under any federal or state law to professional review bodies and persons who participate or assist as a member or staff to the body. 42 U.S.C.A. § 11111(a) (West Supp.1993). To qualify for immunity under the act, peer review action must be taken:

(1) in the reasonable belief that the action was in the furtherance of quality health care,

(2) after a reasonable effort to obtain the facts of the matter,

(3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and

(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3).

A professional review action shall be presumed to have met the preceding standards necessary for the protection set out in section 11111(a) of this title unless the presumption is rebutted by a preponderance of the evidence.

42 U.S.C.A. § 11112(a) (West Supp.1993). Adequate notice is deemed to have been provided if:

The physician has been given notice stating—

(A)(i) that a professional review action has been proposed to be taken against the physician,

(ii) [the] reasons for the proposed action[.]

42 U.S.C.A. § 11112(b)(1)(A) (West Supp. 1993). Appellant contends appellees failed to provide written notice as required by the act and therefore fail to qualify for immunity. We reject this contention. First, the code does not require *written* notice; adequate notice is the requirement. 42 U.S.C.A. § 11112(b) (West Supp.1993). Appellant clearly received adequate notice because he attended and participated in the initial review process. The record from the meeting shows he did this without objection to the form or substance of the notice provided and did not ask that the review be postponed in order for him to prepare. Second, the statute presumes compliance unless controverting evidence establishes by a preponderance of the evidence that the standard was not met. 42 U.S.C.A. § 11112(a) (West Supp. 1993); TEX.REV.CIV.STAT.ANN. art. 4495b § 5.06(a) (Vernon Pamph.1994). The power of the legislature to prescribe rebuttable presumptions cannot be questioned unless it clearly appears the rebuttable presumption bears no logical relationship to the ultimate fact or conclusion sought to be established. *Kee v. Baber,* 157 Tex. 387, 303 S.W.2d 376, 380 (1957).

■■■ The assertion of a statutory presumption establishes the movants' right to summary judgment as a matter of law. An attack on the presumption is analogous to raising an affirmative defense. *See First Nat. Bank of Libby, Mont. v. Rector,* 710 S.W.2d 100, 103 (Tex.App.—Austin 1986, writ ref'd n.r.e.) (opinion on reh'g); *Callaway v. Mahaguna,* 620 S.W.2d 794, 795–96 (Tex.Civ. App.—El Paso 1981, no writ) (attack on presumption of validity of foreign judgment,

which arises from full faith and credit clause of the United States Constitution and federal and Texas statutes, is of the nature of an affirmative defense). The non-movant must expressly present some evidence raising an issue of material fact to avoid the movants' entitlement as a matter of law. *First Nat. Bank of Libby, Mont.,* 710 S.W.2d at 103; *see also Clear Creek,* 589 S.W.2d at 678. Absent controverting evidence establishing by a preponderance of the evidence a failure to comply, the trial court must find compliance as a matter of law. *See* 42 U.S.C.A. § 11112(a) (West Supp.1993); TEX.REV.CIV.STAT.ANN. art. 4495b § 5.06(a) (Vernon Pamph.1994). As appellant failed to present any evidence at the summary judgment hearing, we hold appellees complied with the notice requirements as a matter of law. 42 U.S.C.A. § 11112(a) (West Supp.1993); TEX.REV.CIV. STAT.ANN. art. 4495b § 5.06(a) (Vernon Pamph.1994).

Second, appellant contends appellees failed to establish lack of malice, an affirmative defense, as a matter of law and do not qualify for immunity. Texas Medical Practice Act. TEX.REV.CIV.STAT.ANN. art. 4495b § 5.06 (Vernon Pamph.1994). The pertinent provisions of the statute provide:

(*l*) A cause of action does not accrue against the members, agents, or employees of a medical peer review committee or against the health-care entity from any act, statement, determination or recommendation made, or act reported, without malice, in the course of peer review as defined by this Act.

(m) A person, health-care entity, or medical peer review committee, that, without malice, participates in medical peer review activity or furnishes records, information, or assistance to a medical peer review committee or the board is immune from any civil liability arising from such an act.

. . . .

(t) The following persons are immune from civil liability:

(1) a person reporting to or furnishing information to a medical peer review committee or the board in good faith;

(2) a member, employee, or agent of the board, a member, employee, or agent of a medical peer review committee, a member, employee, or agent of a medical organization committee, or a medical organization district or local intervenor who takes any action or makes any recommendation within the scope of the functions of the board, committee, or intervenor program, if such member, employee, or agent acts without malice and in the reasonable belief that such action or recommendation is warranted by the facts known to him or her; and

(3) any member or employee of the board or any person who assists the board in carrying out its duties or functions provided by law.

TEX.REV.CIV.STAT.ANN. art. 4495b § 5.06(*l* ), (m), (t) (Vernon Pamph.1994).

■ The statute does not define malice, and little legislative history exists. Therefore, we must turn to analogous case law to determine the meaning of malice and where the burden of proof lies. Appellant contends the Texas Medical Practice Act contemplates common law malice. Common law malice requires spite, ill will, evil motive or purposeful injury of another. *Clements v. Withers,* 437 S.W.2d 818, 822 (Tex.1969). Using this standard, appellant asserts any statements regarding lack of malice offered by an interested witness are so subjective as to be not readily controvertible. *See Grand Prairie Ind. School Dist. v. Southern Parts Imports,* 803 S.W.2d 762, 765 (Tex.App.—Dallas), *aff'd in part and rev'd in part on other grounds per curiam,* 813 S.W.2d 499 (1991) (fraudulent conveyance, wrongful foreclosure); *Futerfas v. Park Towers,* 707 S.W.2d 149, 157–58 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (conspiracy regarding harassing phone calls); *Bankers Commercial Life Ins. Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.) (conspiracy). These cases are inapposite to the issue of malice arising from a medical peer review process. Even if applicable, the principle authority on which appellant relies requires that motive or purpose beyond legitimate disciplinary actions must be found to establish malice. *See*

*Clements,* 437 S.W.2d at 822. This is contrary to appellant's contention that lack of malice is an affirmative defense.

■■■ Appellees assert article 4495b malice is akin to actual malice of public figure defamation cases. *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262, 267 (1968); *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). More persuasive is recent case law construing malice in libel actions arising from the employer/employee relationship. *Schauer v. Memorial Care Systems,* 856 S.W.2d 437, 449 (Tex.App.—Houston [1st Dist.] 1993, no writ) (employment performance appraisal); *Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 631 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (employee falsely charged with theft). In this context, actual malice means publication of a statement with knowledge that it is false or with reckless disregard for whether it is false. Falsity coupled with negligence, failure to investigate the truth or falsity of a statement, and failure to act as a reasonably prudent person are insufficient to show malice. *Id.*

■■■ The law presumes good faith and want of malice where a communication is qualifiedly privileged. *Id. citing Jackson v. Cheatwood,* 445 S.W.2d 513 (Tex.1969). An employer's comments or accusations regarding an employee, made to a person having an interest or duty in the matter to which the communication relates, have a qualified privilege. *Schauer,* 856 S.W.2d at 449; *Marathon Oil,* 682 S.W.2d at 630; *Bergman,* 594 S.W.2d at 816. The privilege is not lost as long as one believes in the truth of the communication; substantial truth is sufficient. *Schauer,* 856 S.W.2d at 449. The privilege is lost if the plaintiff can show the communication was made with malice or want of good faith. *Id.; Marathon Oil,* 682 S.W.2d at 631.

■■■ The peer review process is analogous to an employer's performance assessment of an employee or an employer's investigation into an employee's alleged wrongdoing. Accordingly, we hold a presumption of absence of malice applies to medical peer review committee actions. We further hold the meaning of malice as used in article 4495b to mean knowledge that an allegation is false or with reckless disregard for whether the allegation is false.

■■■ This construction is harmonious with the immunity provisions of the federal act which provides immunity to persons providing information to a review body regarding professional competency or conduct unless the information is false and the person providing it knows it is false. 42 U.S.C.A. § 11111(a)(2) (West Supp.1993). In addition, the federal act provides immunity to peer review bodies and their members from liability under any law of the United States or of any state if they act in reasonable belief their action would restrict incompetent behavior or protect patients. *Fobbs v. Holy Cross Health System Corp.,* 789 F.Supp. 1054, 1064 (E.D.Calif.1992) *citing* 42 U.S.C.A. § 11111(a)(1). The existence of immunity is a question of law to be decided by the trial court, and the burden of proof rests on the plaintiff. *Id.*

■■■ Appellant contends the evidence is insufficient to support the finding of absence of malice as a matter of law because the summary judgment was based on affidavits supplied by interested witnesses. Even if this were so, the propriety of granting summary judgment in defamation cases has been recognized when a party presents evidence from interested witnesses that is uncontradicted by the other party. *Schauer,* 856 S.W.2d at 446. *See also Casso,* 776 S.W.2d at 558–59; *Carr v. Brasher,* 776 S.W.2d 567, 571 (Tex.1989) (public defamation case). However, contrary to appellant's assertion, appellees do not rely solely on these affidavits. Appellees also presented: the affidavit of Dr. Reifel, Chairman of the Medical Policy Committee, a copy of Huguley's by-laws; a letter of complaint from the consulting physician, a letter of complaint from the ICU head nurse; a transcription of the Medical Policy Committee meeting; the letter advising the

hospital's chief of staff of the recommendations of the Medical Policy Committee; a copy of the letter notifying appellant of his temporary suspension pending a peer review hearing; a copy of the letter to the Medical Examining Board advising the board of appellant's resignation; and additional correspondence between appellees. The evidence presented in these exhibits and recited above is uncontroverted and is sufficient to show the appellees did not knowingly make false statements and did not act with reckless disregard for whether the statements were false. In other words, the summary judgment evidence showed appellees acted without malice. The evidence was clear and readily controvertible. No controverting evidence was presented to the trial court. Accordingly, we hold the evidence was sufficient as a matter of law to sustain summary judgment.

We overrule point of error number one and affirm the judgment of the trial court.