S99G1082. NORTHEAST GEORGIA MEDICAL CENTER, INC. v. DAVENPORT.

(527 SE2d 548)

CARLEY, Justice.

Northeast Georgia Medical Center, Inc. (Hospital) granted staff privileges to Dr. James A. Davenport. Thereafter, the Hospital's Peer Review Committee investigated several complaints regarding Dr. Davenport and it recommended that he be placed on probation. The Executive Committee accepted this recommendation and, after additional complaints, extended the probationary period. The Peer Review Committee subsequently found that Dr. Davenport violated the terms of his probation, and the Executive Committee decided to revoke his medical staff membership. The Hospital notified Dr. Davenport of the decision on February 22, 1995 by certified mail. Another letter on April 4 notified him that pursuant to his request, an evidentiary hearing was scheduled. After several hearings before the Judicial Review Panel, the Executive Committee again voted to revoke

---

Dr. Davenport's medical staff privileges. On appellate review, the Hospital's Governing Board also voted to revoke his privileges. Dr. Davenport then brought suit for damages, and the trial court granted summary judgment in favor of the Hospital on the ground that the Health Care Quality Improvement Act (HCQIA) afforded the Hospital immunity. See 42 U.S.C. § 11111 (a) (1). The Court of Appeals reversed, holding that the Hospital was not entitled to summary judgment on its immunity defense, because a genuine issue of material fact remained as to whether it gave Dr. Davenport adequate notice of the reasons for the proposed revocation of his staff privileges. *Davenport v. Northeast Ga. Medical Center*, 237 Ga. App. 252, 256 (515 SE2d 162) (1999). We granted certiorari to consider what constitutes "adequate notice" under 42 U.S.C. § 11112 (a) (3). We conclude that the HCQIA neither requires that the notice set forth the reasons for the proposed action in a formal and precise manner nor does it mandate that the reasons be limited in number and scope or always be restated in the same terms. Accordingly, we reverse the judgment of the Court of Appeals and remand the case for consideration of the remaining enumerations of error.

One of the prerequisites for immunity under the HCQIA is that the peer review action be taken "after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances. . . ." 42 U.S.C. § 11112 (a) (3). "[A]ssessing the 'circumstances' requires a fact-driven analysis." *Rogers v. Columbia/HCA of Central Louisiana*, 971 FSupp. 229, 236 (III) (C) (3) (W.D. La. 1997). The HCQIA does not invariably require that any reason be given to the doctor prior to the initial hearing or a temporary suspension of medical privileges. See *Rogers v. Columbia/HCA of Central Louisiana*, supra at 236-237 (III) (C) (3) (the HCQIA does not even necessarily require a pre-deprivation hearing); *Maewal v. Adventist Health Systems/Sunbelt*, 868 SW2d 886, 891 (Tex. App. 1993). Of course, providing the physician with a prior statement of reasons is preferable and, to this end, a hospital may be "deemed to have met the adequate notice and hearing requirement of subsection (a) (3)" if it meets several conditions, including notice which states the "reasons for the proposed action. . . ." 42 U.S.C. § 11112 (b) (1) (A) (ii). The Court of Appeals erroneously holds that this notice of reasons specified in subsection (b) must be in writing. *Davenport v. Northeast Ga. Medical Center*, supra at 255-256. Subsection (b) "does not require *written* notice; adequate notice is the requirement. [Cit.]" (Emphasis in original.) *Maewal v. Adventist Health Systems / Sunbelt*, supra at 891. More importantly, a failure to meet the conditions enumerated in subsection (b) "shall not, in itself, constitute failure to meet the standards of subsection (a) (3). . . ." 42 U.S.C. § 11112 (b). "In other

words, § 11112 (b) describes a 'safe harbor' for immunity, but it is not necessary to satisfy § 11112 (b) to receive immunity." *Smith v. Ricks,* 31 F3d 1478, 1485 (II), fn. 5 (9th Cir. 1994). See also *Bryan v. James E. Holmes Regional Medical Center,* 33 F3d 1318, 1336 (III) (C) (3) (11th Cir. 1994).

In this case, the Hospital provided Dr. Davenport with two written notices of the proposed revocation of his privileges and the reasons therefor. Those notices charged him with violating his probation and reminded him that the Hospital had conditioned the probation on the absence of "any validated recurrences of problems with attitude, practice habits and relationships with nursing staff." The notices also included a specific six-page summary of the complaints against Dr. Davenport, a list of potential witnesses, and a list of 24 patients to whose medical records reference may be made. A review of these notices shows that the reasons stated therein for the proposed revocation of Dr. Davenport's medical privileges were not nebulous or ambiguous, but complied with 42 U.S.C. § 11112 (b) (1) (A) (ii). See *Imperial v. Suburban Hosp. Assn.,* 862 FSupp. 1390, 1398 (II) (C) (1) (Md. 1993).

Moreover, even if the Hospital failed to meet the requirement of subsection (b) (1) (A) (ii), it still provided adequate notice "under the circumstances" pursuant to subsection (a) (3). The Hospital has the benefit of a rebuttable presumption of adequate notice. 42 U.S.C. § 11112 (a). Prior to the initial hearing, the Hospital granted a continuance and allowed Dr. Davenport and his attorney access to the entire 287-page peer review file. These circumstances, together with the written notices and Dr. Davenport's attendance and participation in the review process, clearly demonstrate the adequacy of the Hospital's notice. See *Maewal v. Adventist Health Systems/Sunbelt,* supra at 891.

Dr. Davenport has made no showing sufficient to rebut the Hospital's presumption and evidence of its adequate notice to him. The Court of Appeals held that a reasonable jury could find that the Hospital's notices with their "laundry list of events, patient records and witnesses did not adequately notify Dr. Davenport of the reasons for the proposed action." *Davenport v. Northeast Ga. Medical Center,* supra at 256. Even assuming that this statement reflects an accurate application of the standard of 42 U.S.C. § 11112 (b) (1) (A) (ii), it does not dispose of the ultimate question of adequate notice under subsection (a) (3). Furthermore, the trial court correctly resolved this issue in the following portion of its order:

Although the subject matter reviewed in the hearings was extensive at times, the letters adequately advised [Dr. Davenport] of the matters which were in fact covered during the

> reviews. Despite [his] assertion that the volume of materials somehow violated due process, the HCQIA places no limit on the amount of subject matter to be examined during a hearing.

No court has adopted the anomalous requirement that a hospital which provides an overabundance of notice does not comply with the HCQIA. See *Imperial v. Suburban Hosp. Assn.*, supra at 1393, 1398 (II) (C) (1) (hospital provided, among other things, list of medical records and detailed eight-page memorandum relating to 53 incidents); *Gureasko v. Bethesda Hosp.*, 689 NE2d 76, 82-83 (Ohio App. 1996) (treatment of 13 patients was basis of suspension). Proof of the occurrence of numerous prior incidents was uniquely relevant here, in order to show a continuation of the same type of alleged misconduct which had resulted in Dr. Davenport's probation. The Hospital provided every level of detail, from the concise statement of the nature of the probation and the charge that Dr. Davenport had violated it to the intermediate detail of the summary of complaints against him, the lists of witnesses and patients, and the entire peer review file. See *Imperial v. Suburban Hosp. Assn.*, supra at 1393, 1398 (II) (C) (1).

On the Hospital's appellate review, the Governing Board based its decision on "Dr. Davenport's continued inability to function within the structure of the hospital, failure to learn from previous experiences, continued problems with resolving interpersonal conflicts, and unprofessional conduct," as well as his inability "to work with and relate to others in a cooperative and professional manner." In reversing, the Court of Appeals relied upon the Governing Board's failure to state Dr. Davenport's violation of probation as an express reason for its decision. However, that reason is implicit in the Board's finding of a continuation of the same type of problems with Dr. Davenport which led to his probation. Thus, the Court of Appeals erred in concluding that the Board revoked Dr. Davenport's privileges for a reason which differed from that specified in the prehearing notices. Moreover, the HCQIA does not require an appellate level of review by hospitals, and the fact that a hospital's concerns shift during the review process "does not alone undermine the fairness of the procedures employed." *Sugarbaker v. SSM Health Care*, 190 F3d 905, 915 (III) (A) (8th Cir. 1999). The Court of Appeals erred in holding that the Hospital was not entitled to immunity under the HCQIA.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 6, 2000.

*Whelchel & Dunlap, Thomas M. Cole,* for appellant.
*Alston & Bird, Jack S. Schroder, Jr., Nichole J. Starr, John M. Brown,* for appellee.