COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-128-CV

 

 

PAUL G. KINNARD, M.D.                                                      APPELLANT

 

                                                   V.

 

UNITED REGIONAL HEALTH CARE SYSTEM                             APPELLEES

AND SUMI KING, M.D.

                                                                                                        

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction

Paul G. Kinnard, M.D. appeals from the trial
court=s order
granting a take nothing summary judgment on his defamation and tortious
interference claims against United Regional Health Care System and Sumi King,
M.D. (appellees).  We affirm. 

 

 








Background

Dr. Paul Kinnard was a medical practitioner of
obstetrics and gynecology and a member of the medical staff of United Regional
from 1979 through February 2000.  He
retired at the age of seventy-one and voluntarily resigned his staff privileges
in late February 2000.  More than two
years later, he reapplied for staff privileges at United Regional, but his
reapplication was denied based on his failure to demonstrate that he currently
possessed the clinical competence required of medical staff members under United
Regional=s
medical staff bylaws.

Dr. Kinnard requested that the denial of his
reapplication be reviewed by a peer review committee.  At the peer review hearing, a number of
witnesses testified in support of United Regional=s
adverse recommendation, including Dr. Sumi King, who was then chair of United
Regional=s
Obstetrics Department. During the hearing, Dr. King testified that  prior to Dr. Kinnard=s
retirement, he did not have current clinical competence; that patient care
would suffer if he were granted privileges at the hospital; that he did not
have sufficient intellectual or judgment skills for practicing obstetrics and
gynecology; and that he did not have sufficient physical or motor skills to
practice safely.








Based on Dr. King=s
testimony, the committee affirmed the denial of privileges to Dr. Kinnard.  An appellate review committee affirmed the
denial of his privileges, and on April 28, 2003, a final, unappealable decision
denying his application for privileges was issued.

Dr. Kinnard filed this lawsuit against appellees
in September 2003, alleging that appellees defamed him and tortiously
interfered with existing contracts and prospective business relationships with
his patients and various insurance companies. 
After the trial court-ordered discovery period expired, appellees filed
a motion for summary judgment on the following traditional and no-evidence
grounds: (1) Dr. Kinnard=s claims for defamation and
tortious interference seek recovery for losses resulting from the denial of Dr.
Kinnard=s staff
privileges, for which he cannot recover under Texas law; (2) Dr. Kinnard=s
defamation claims are barred by statutory immunity; and (3) Dr. Kinnard
presented no evidence to support the malice element of defamation and tortious
interference claims.  The trial court
granted appellees= motion for summary judgment
without specifying the grounds for its ruling. 

Standards of Review 

 








Although when both no-evidence and traditional
motions for summary judgment are filed we usually address the no-evidence
motion first,[1]
here we will address the propriety of granting the traditional motion first
because it is dispositive of Dr. Kinnard=s
claims.  When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant's
favor.[2]
 Evidence that favors the movant=s
position will not be considered unless it is uncontradicted.[3]   

Summary judgment will be affirmed only if the
record establishes that the movant has conclusively proved all essential
elements of the movant=s cause of action or defense as
a matter of law.[4]  Once the defendant produces sufficient
evidence to establish the right to summary judgment, the burden shifts to the
plaintiff to come forward with competent controverting evidence raising a
genuine issue of material fact with regard to the element challenged by the
defendant.[5]








Where, as here, the trial court=s order
granting summary judgment does not specify the ground or grounds relied on for
its ruling, the summary judgment will be affirmed on appeal if any of the
grounds stated in the motion is meritorious.[6]


Immunity








Assuming without deciding that Dr. Kinnard has
alleged valid claims for defamation and tortious business interference against
appellees,[7]
the claims are barred by qualified immunity.  
Section 160.010 of the Texas Occupations Code states, in pertinent part:

(b)    A
cause of action does not accrue against a member, agent, or employee of a
medical peer review committee or against a health care entity from any act,
statement, determination or recommendation made, or act reported, without
malice, in the course of medical peer review (emphasis supplied).

 

(c)     A
person, medical peer review committee, or health care entity that, without
malice, participates in the medical peer review or furnishes records,
information, or assistance to a medical peer review committee or the board is
immune from any civil liability arising from that act (emphasis supplied).[8]


 

These statutory immunity provisions protect both actions or statements
taken in the course of peer review and the impact or effect of those actions.[9]


In this case, appellees were engaged in a
credentialing process, which Ainherently
requires peer review.@[10] As a
result, under section 160.010 of the code, appellees are immune from liability
for any cause of action arising from such activity so long as they acted
without malice.








AMalice@ has
been defined as Aa specific intent . . . to cause
substantial injury or harm to the claimant.@[11]  Thus, to affirm summary judgment, we must
determine that appellees had no specific intent to cause Dr. Kinnard
substantial harm by their conduct as a matter of law. 

To support their qualified immunity defense,
appellees submitted affidavits from members of United Regional=s Board
of Directors, the peer review committee, and the appellate review
committee.  Each affidavit states, among
other things, that

$                  
no information was ever exchanged during the peer review process that
was known to be false,

 

$                  
each participant in the peer review process believed, in good faith,
that the information provided by him or her was true,

 

$                  
each peer review action was taken in the reasonable belief that it was
in furtherance of quality health care,

 

$                  
each peer review action taken with regard to Dr. Kinnard was warranted
by the facts known about him, after reasonable efforts to obtain such facts,

 

$                  
no actions were taken during the peer review process with the specific
intent to harm Dr. Kinnard, and








no actions were taken
during the peer review process with actual awareness of an extreme degree of
risk to Dr. Kinnard or a conscious indifference with Dr. Kinnard=s welfare. 

 

These facts are uncontroverted and establish that appellees= actions
and determinations made during the medical peer review process were made
without malice.[12]








Nevertheless, Dr. Kinnard asserts a fact issue
exists on the issue of malice because he presented evidence that his
application was not reviewed by anyone other than Dr. King, that Dr. King
admitted she had not worked with Dr. Kinnard or watched him perform surgery,
and that Dr. King had never reviewed Dr. Kinnard=s
patient files or spoken to any of his patients. 
According to Dr. Kinnard, this evidence proves that appellees acted with
malice because they did not conduct an adequate investigation and had ulterior
motives for denying his privileges.  We
disagree.  To controvert appellees
affidavits and raise a fact question on the issue of malice, Dr. Kinnard was
required to present evidence that appellees had a specific intent to cause
substantial injury or harm to him.  Mere
evidence that appellees did not conduct an adequate investigation and had
ulterior motives is not sufficient to establish such an intent.[13]  

Because appellees=
affidavits conclusively prove that they acted without malice, Dr. Kinnard=s claims
are barred by qualified immunity as a matter of law.

Conclusion

For the foregoing reasons, we hold that the trial
court did not err by granting appellees=
traditional motion for summary judgment. 
We overrule Dr. Kinnard=s issue
and affirm the trial court=s
judgment. 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL A:   CAYCE,
C.J.; DAUPHINOT and MCCOY, JJ.

 

DELIVERED: 
May 11, 2006

                                                                                                        

 

 











[1]See Ford Motor Co. v.
Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).





[2]Valence Operating Co. v.
Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). 





[3]Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).





[4]City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).





[5]Centeq Realty, Inc. v.
Siegler,
899 S.W.2d 195, 197 (Tex. 1995).





[6]Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram, Inc. v. Doe,
915 S.W.2d 471, 473 (Tex. 1995); Harwell v. State Farm Mut. Auto. Ins. Co.,
896 S.W.2d 170, 173 (Tex. 1995). 





[7]Under Texas law, a
physician is not entitled to recover against a private hospital or its staff
for denying or terminating the physician=s staff privileges. Winston v. Am. Med. Int=l, Inc., 930 S.W.2d 945, 956
(Tex. App.CHouston [1st Dist.] 1996,
writ denied); see also Dallas County Med. Soc=y v. Ubinas-Brache, 68 S.W.3d 31, 42 (Tex.
App.CDallas 2001, pet.
denied), cert. denied, 535 U.S. 970 (2002); Hodges v. Arlington
Neuropsychiatric Ctr., Inc., 628 S.W.2d 536, 538 (Tex. App.CFort Worth 1982, writ ref=d n.r.e.); Charter
Med. Corp. v. Miller, 605 S.W.2d 943, 951-52 (Tex. App.CDallas 1980, writ ref=d n.r.e.) (all
recognizing that a doctor has no cause of action against a private hospital for
the denial or termination of staff privileges). 
Courts have repeatedly refused to allow claims for the loss of staff privileges
labeled as a defamation, breach of contract claim, or other common law torts.  See, e.g., Hodges, 628 S.W.2d at 537-38
(rejecting all of doctor=s claims arising from the
wrongful termination of his staff privileges); Charter Med. Corp., 605
S.W.2d at 951-52 (rejecting doctor=s claims for conspiracy, slander, libel,
violation of due process, and deceptive trade practices).  But see Poliner v. Tex. Health Sys.,
No. 3-CV-1007-P, 2003 WL 22255677, at *16-17 (N.D. Tex. Sept. 30, 2003) (mem.
op.) (denying a hospital=s summary judgment motion
as to a doctor=s defamation claim);
Stephan v. Baylor Med. Ctr., 20 S.W.3d 880, 886-87 (Tex. App.CDallas 2000, no pet.)
(reversing a summary judgment granted in favor of a hospital on the doctor=s defamation
claims).  Although Dr. Kinnard has
labeled his causes of action as defamation and tortious interference, they all
appear to stem from the denial of his physician staff privileges.  However, we do not reach this question
because of our holding that appellees are protected by qualified immunity. 





[8]Tex.
Occ. Code Ann. ' 160.010 (Vernon Supp. 2005)
(emphasis supplied).   





[9]St. Luke=s Episcopal Hosp. v.
Agbor,
952 S.W.2d 503, 505 (Tex. 1997); Ubinas-Brache, 68 S.W.3d at 40.





[10]See Ubinas-Brache, 68 S.W.3d at 40. 





[11]See Romero v. KPH
Consolidation, Inc., 166 S.W.3d 212, 214 n.2 (Tex. 2005) (citing Tex. Civ. Prac. & Rem. Code Ann. ' 41.001(7) (Vernon
2004-05) and the revised Amalice@ definition, which
applies to all actions seeking recovery of Adamages@). 





[12]See Roe v. Walls Regional
Hosp., Inc.,
21 S.W.3d 647, 654 (Tex. App.CWaco 2000, no pet.) (holding affidavits
containing such language were sufficient, if uncontroverted, to establish that
a hospital acted without malice); see also Maewal v. Adventist Health
Sys./Sunbelt, Inc., 868 S.W.2d 886, 893 (Tex. App.CFort Worth 1993, writ
denied) (noting that a presumption of absence of malice in the context of
medical peer review committee actions is sufficient to sustain summary judgment
in the absence of contrary evidence). 





[13]See Romero, 166 S.W.3d at 214 n.2
(stating what is required to prove malice); see also Poliner, 2003 WL
22255677, at *15 (stating that evidence of inadequate investigation coupled
with ulterior motives is sufficient to raise a fact issue on whether a
qualified privilege exists) (citing Duffy v. Leading Edge Prod., Inc.,
44 F.3d 308, 315 (5th Cir. 1995)).