952

Michael G. BROWN, Plaintiff—
Appellant,

v.

LAB ONE, INC., dba Northwest Toxicology; Quest Diagnostics, Incorporated, a Nevada Corporation; and Quest Diagnostics, Incorporated, a Delaware Corporation, Defendants—Appellees.

No. 07–16433.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed Feb. 26, 2009.

Richard M. Grimes, Esquire, Grimes & Feritta, Houston, TX, for Plaintiff–Appellant.

Delores F. Caldwell, Caldwell & Clinton, PLLC, Houston, TX, Leann Sanders, Esquire, Shirley Blazich, Esquire, Alverson Taylor Mortensen Nelson & Sanders, Las Vegas, NV, for Defendants–Appellees.

Before: GOODWIN, SCHROEDER and HAWKINS, Circuit Judges.

## MEMORANDUM [*]

Michael Brown ("Brown") appeals the dismissal of his diversity suit alleging various common law tort claims against LabOne, Inc. d/b/a Northwest Toxicology, Quest Diagnostics Inc., a Nevada corporation, and Quest Diagnostics Inc., a Delaware corporation ("Defendants") for actions related to a positive drug test. Applying Texas law, the district court concluded Brown's claims were effectively barred by the absolute privilege granted to statements in judicial or quasi-judicial proceedings and denied leave to amend. We affirm.

■ As a threshold question, Brown contends the district court erred by applying Texas substantive law instead of Nevada law to his claims because the test results were first "published" in Nevada and because the alleged negligent drug testing

occurred there. Under the Restatement (Second) of Conflict of Laws § 149, which Nevada follows, Texas law governs Brown's defamation claim because the test results were first published to a third party, the Texas Medical Board ("Texas Board"), in Texas, regardless of whether the results had previously been "issued" internally in Nevada.

Texas law also governs Brown's other claims because Texas has the "most significant relationship" under Restatement § 6 and § 145, which Nevada also follows. *General Motors Corp. v. Eighth Judicial Dist. Court of State of Nev. ex rel County of Clark,* 122 Nev. 466, 134 P.3d 111, 115–17 (2006). The Texas Board regulated and supervised Brown's medical licensing and drug testing. Additionally, Brown was a citizen of Texas and practiced medicine in Texas. Brown also suffered all of his alleged financial and emotional harms in Texas, which both the Restatement and Nevada courts have utilized as a factor in determining choice-of-law. Restatement (Second) Conflict of Laws § 145(2)(a) (1971); *General Motors,* 134 P.3d at 118.

■ Under Texas law, Brown's claims are barred by absolute judicial privilege. Texas law grants an absolute privilege to statements related to a judicial or quasi-judicial proceeding, barring a plaintiff from asserting certain claims based on those statements. *5–State Helicopters v. Cox,* 146 S.W.3d 254, 256–57 (Tex.Civ.App. 2004); *Laub v. Pesikoff,* 979 S.W.2d 686, 691 (Tex.Civ.App.1998). An absolute privilege extends both to traditional judicial proceedings and to quasi-judicial proceedings, such as hearings before the Texas Board. Tex. Occ.Code Ann. § 164.001; *Attaya v. Shoukfeh,* 962 S.W.2d 237, 238–39 (Tex.Civ.App.1998); *Ramirez v. Tex.*

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*State Bd. of Med. Exam'rs,* 927 S.W.2d 770, 773 (Tex.Civ.App.1996). Absolute privilege bars Brown's claims because "the essence of [his claims] is damages that flow from communications made in the course of a judicial proceeding." *Laub v. Pesikoff,* 979 S.W.2d at 691 (citing *Bird v. W.C.W.,* 868 S.W.2d 767, 771 (Tex.1994)).

■ Qualified immunity also would bar Brown's claims because he has not adequately alleged malice. Texas law provides immunity from civil liability to Defendants as the Texas Board's agents if they acted without malice. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505–06 (Tex.1997) (discussing Tex. Occ. Code Ann. § 160.010 (2006)). In the context of immunity, malice requires either that the defendant had "a specific intent ... to cause substantial injury or harm to the claimant," *Kinnard v. United Reg'l Health Care Sys.,* 194 S.W.3d 54, 57–58 (Tex.Civ.App.2006), or that "[o]bjectively, the defendant's conduct ... involve[s] an extreme risk of harm ... [and] actual awareness of the extreme risk created by the conduct." *KPH Consolidation, Inc. v. Romero,* 102 S.W.3d 135, 143 (Tex.Civ. App.2003); *see also* Tex. Civ. Prac. & Rem.Code § 41.001(7). Brown's assertions that the positive drug test results were incorrect, that he passed many other drug tests, and that Defendants did not follow accepted procedures may imply, at most, negligence. These assertions do not properly allege malice because they show neither specific intent to harm nor actual awareness of extreme risk.

■ Brown contends it was an abuse of discretion to deny him leave to amend his complaint and that he could allege malice if granted leave. We reject Brown's con-

tention because "[l]eave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097 (9th Cir.2002). The district court did not abuse its discretion by concluding amendment would be futile because Brown has not indicated, or even alluded to, anything specific he could add to the complaint to avoid absolute privilege and qualified immunity.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.