

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00088-CV
_____

MARIA ROBLES, J.A., AND JOSE ALMAGUER VAZQUEZ, Appellants

V.

COX INSURANCE GROUP, LLC AND OLD AMERICAN COUNTY MUTUAL, Appellees

---

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-319936-20

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellants Maria Robles, J.A. (a minor),[1] and Jose Almaguer Vazquez challenge the trial court's granting of summary judgment in favor of Appellees Cox Insurance Group, LLC and Old American County Mutual[2] in an automobile-insurance-recission case. Appellants argue that summary judgment was improper because three issues of fact existed as to whether or not Robles made misrepresentations on her application for insurance with Cox. We affirm the trial court's judgment.

## I. BACKGROUND

### A. UNDISPUTED FACTS

On August 11, 2020, Robles's minor son, J.A., was driving Robles's automobile when he was involved in a traffic accident. J.A. was unlicensed and provided to the responding police officer an insurance policy issued by Old American County Mutual under policy number ****80.[3]

The application for policy number ****80, which Robles signed electronically on January 22, 2020, sought a one-month automobile insurance policy from Cox. On

---

[1]J.A. is identified in the appellate record by initials only.

[2]The record reflects that Cox is a Texas managing general agent of Old American and is authorized to underwrite and provide non-standard automobile insurance policies on Old American's behalf. *See* Tex. Ins. Code Ann. § 4053.001.

[3]For privacy reasons, we have redacted the policy number, but it is reflected fully in the record.

the application, Robles listed herself and Vazquez as the only household drivers and answered "no" to the following questions:

(1) "Are there any residents of the household age[d] [fourteen] [and] over who are not listed as drivers or as excluded drivers?" and

(2) "Does anyone else regularly drive your vehicle (other than those listed?)."

Robles certified with her electronic signature that the answers to these questions were true and correct and that she understood them to be given to induce Cox into issuing the policy. Further, the policy documents, which Robles also acknowledged by electronic signature, stated that Cox could void the policy in the event of a material misrepresentation made on the application.

Upon receipt of the completed application, Cox issued the policy to Robles. The policy was subsequently renewed seven times and was in effect on the day of J.A.'s accident.

While investigating the accident, a Cox representative spoke with Robles, who provided J.A.'s birthdate.[4] Robles further stated that J.A. had always lived in her household but that she did not include his name on the 2020 application "because he was a minor." Cox concluded that Robles had made material misrepresentations on her application and rescinded her policy.

---

[4]For privacy reasons we have omitted J.A.'s birthdate, but it is reflected in the record. Based on the birthdate provided by Robles, J.A. would have been at least fourteen years old on January 22, 2020.

## B. PROCEDURAL HISTORY

In their original petition, Appellees sought a judicial declaration from the trial court that the policy had been properly rescinded due to material misrepresentations made by Robles on the policy application. Appellees then filed a motion for summary judgment on the grounds that Robles made two material misrepresentations on the application: (1) answering "no" when asked if any household residents aged fourteen or older were not listed as drivers or excluded drivers, and (2) answering "no" when asked if any other person regularly drove her automobiles.

Appellants' summary judgment response contended that Robles had originally obtained an insurance policy from a company identified as "ACCC," and that the policy was subsequently transferred to Cox. This precluded summary judgment, they argued, because Robles had never directly applied for insurance with Cox and, therefore, could not have made a misrepresentation to Cox.

The only summary judgment evidence provided by Appellants was an affidavit from Robles, which substantively read in full:

> I submitted my joint application for insurance to ACCC in 2013. The application never asked me about our children. The application only asked if there would be another authorized driver. My oldest son was seventeen at the time we submitted the application, and he was not licensed and was not able to drive. The child in question to this lawsuit was only eight years old at the time I applied for insurance. I have never received correspondence in any form from Old American County Mutual.

4

The trial court granted Appellees' motion for summary judgment without specifying the grounds for its decision. Appellants filed a motion to reconsider, which was denied. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A. STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Once the plaintiff produces evidence entitling it to summary judgment, the burden shifts to the defendant to present controverting evidence that raises a fact issue. *City of Hous. v. Clear Creek Basin Auth,*, 589 S.W.2d 671, 678 (Tex. 1979); *Kinnard v. United Reg'l Health Care Sys.*, 194 S.W.3d 54, 57 (Tex. App.—Fort Worth 2006, pet. denied). When the trial court's judgment does not specify which of several grounds proposed in a summary judgment motion was dispositive, "we must affirm the summary judgment if any of the theories

5

presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## B. APPLICABLE LAW

The Texas Insurance Code allows an insurer to avoid an insurance policy due to false statements on policy applications if it is shown that "the matter misrepresented: (1) was material to the risk; or (2) contributed to the contingency or event on which the policy became due and payable." Tex. Ins. Code Ann. § 705.004(b). Additionally, the Supreme Court of Texas has long held that an insurer must prove five elements to be entitled to avoidance of an insurance policy on misrepresentation grounds: (1) the making of the representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the intent to deceive on the part of the insured making the same; and (5) the materiality of the representation. *Mayes v. Mass. Mut. Life Ins.*, 608 S.W.2d 612, 616 (Tex. 1980); *see Medicus Ins. v. Todd*, 400 S.W.3d 670, 678–79 (Tex. App.—Dallas 2013, no pet.) (discussing the interplay between *Mayes* and § 705.004).

## III. APPLICATION

We are asked in this appeal to answer a narrow question: Did Appellants raise a genuine issue of material fact related to whether Robles made a misrepresentation on the 2020 application with Cox? Appellants contend that three such issues were raised: whether (1) Robles was actually asked about additional household residents aged fourteen years or older; (2) Robles misrepresented J.A.'s age; and (3) J.A. qualified as a

6

"Regular Driver." Because we hold on issues one and two that no issues of fact were raised, we need not consider issue three.[5] Tex. R. App. P. 47.1; *see Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 216.

### A. APPELLANTS FAILED TO RAISE AN ISSUE OF FACT AS TO WHETHER ROBLES WAS ASKED ABOUT HOUSEHOLD RESIDENTS OVER FOURTEEN

Appellants argue that Robles's affidavit raised a fact issue as to whether Robles was asked on the 2020 application about additional household residents over the age of fourteen. They contend that, if Robles was never asked this question, she could not have made the alleged misrepresentation.

In support of their motion for summary judgment, Appellees attached a copy of the 2020 application signed electronically by Robles,[6] which included this question and Robles's answer of "no." The burden, then, was on the Appellants to present competent evidence that raised an issue of fact as to whether Robles was actually asked the question. *See City of Hous.*, 589 S.W.2d at 678.

---

[5]Because we overrule Appellants' first two issues, no complaint remains as to whether Appellees conclusively proved that Robles made a material misrepresentation when she stated that there were no other household residents aged fourteen or older. Thus, it is immaterial whether Appellees conclusively proved that Robles made an additional misrepresentation as to J.A.'s status as a regular driver. *See* Tex. R. App. P. 47.1; *Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 216.

[6]The genuineness of Robles's electronic signature was never questioned, and Texas law provides that such signatures have full legal effect and enforceability. Tex. Bus. & Com. Code Ann. § 322.007.

Robles's affidavit, however, is wholly silent concerning the 2020 application—it neither affirms nor denies she completed it. Instead, it attests only to facts concerning a separate application from 2013 submitted by Robles to a company she refers to as "ACCC" and states that, in *that* application, she was never asked about children in the household. It is true that Appellants asserted in their summary judgment *response* that they never submitted an application to Cox, but this assertion is not supported by Robles's affidavit, and her response itself is not competent summary judgment evidence. *Id.* at 678 ("Pleadings do not constitute summary judgment proof."); *see Rhodes v. Interfirst Bank Fort Worth*, 719 S.W.2d 263, 264 (Tex. App.—Fort Worth 1986, no pet.) (explaining that summary judgment responses are not competent summary judgment evidence).

Additionally, Appellants conceded in their appellate brief that the 2020 application "was completed via a phone call between Appellants and a representative of Appellees." We accept this fact as true. *See* Tex. R. App. P. 38.1(g) (requiring in civil cases that appellate courts accept as true the facts stated in an appellant's brief unless contradicted by another party). It is also undisputed that, at the accident scene, J.A. produced an Old American insurance policy bearing the same policy number as that found on the 2020 application. These facts further establish that Robles completed the 2020 application, to include answering all questions therein.

Relatedly, to the extent that Appellants contend that they were unaware of the questions asked in the 2020 application, the law presumes otherwise because it is

undisputed that Robles signed the application. *In re Int'l Profit Assocs.*, 286 S.W.3d 921, 923 (Tex. 2009) ("[A] party who signs a document is presumed to know its contents," (quoting *In re Lyon Fin. Servs.*, 257 S.W.3d 228, 232 (Tex. 2008) (orig. proceeding))); *cf. Odom v. Ins. Co. of Pa.*, 455 S.W.2d 195, 199 (Tex. 1970) ("[T]he rule is well recognized that where . . . an application for insurance is attached to and made a part of the policy and is accepted and retained by the insured, the insured is conclusively presumed to have knowledge of its contents and to have ratified any false statements therein.").

Thus, we conclude that Appellants failed to raise a genuine issue of fact as to whether Robles was asked about household residents over the age of fourteen, and we overrule their first issue.

## B. APPELLANTS FAILED TO RAISE AN ISSUE OF FACT AS TO J.A.'S AGE

Appellants next argue that they raised an issue of fact as to whether J.A. was fourteen years old at the time the 2020 application was completed. Through an affidavit of one of its representatives, Appellees established that J.A. was fourteen years old when Robles completed the 2020 application. Once again, it was incumbent on Appellants to offer competent summary judgment evidence that raised an issue of fact as to J.A.'s age. *See City of Hous.*, 589 S.W.2d at 678.

Appellants again point to Robles's affidavit as supportive of their argument, but we fail to see how any attestations therein raised a question about J.A.'s age at the time the 2020 application was completed. If anything, Robles's statement that J.A.

9

was eight years old when the 2013 application was submitted supports the contention that he was at least fourteen in 2020 when Robles submitted her application to Cox.

Therefore, we conclude that Appellants failed to raise a genuine issue of fact as to J.A.'s age at the time the 2020 application was completed and overrule their second issue.

## IV. CONCLUSION

Having overruled Appellants' first and second issues, we need not address their third issue. *See* Tex. R. App. P. 47.1. Accordingly, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  January 20, 2022